589 So.2d 818 (1991)
In re PETITION of THE FLORIDA BAR TO AMEND THE FLORIDA RULES OF JUVENILE PROCEDURE.
No. 76669.
Supreme Court of Florida.
May 9, 1991.
Jeanne D. Howard, Chairman, West Palm Beach, Daniel Dawson, Vice Chairman, Orlando, and John F. Harkness, Jr., Executive Director, of The Florida Bar, Tallahassee, for petitioner, The Juvenile Court Rules Committee.
Louis O. Frost, Jr., Public Defender, and Ward L. Metzger, Asst. Public Defender, Juvenile Court Coordinator, Jacksonville, and Anthony C. Musto, Chairman, Florida Rules of Judicial Admin. Committee, Coral Gables, for respondents.
PER CURIAM.
In connection with The Florida Bar re Advisory Opinion HRS Nonlawyer Counselor, 547 So.2d 909 (Fla. 1989), and In re Amendments to Florida Rules of Juvenile Procedure (HRS Unlicensed Practice of Law), 557 So.2d 1360 (Fla. 1990), this Court gave permission to the Florida Bar Juvenile Court Rules Committee to revise the Florida Rules of Juvenile Procedure outside the four-year cycle for rules revision. The proposed amendments reflect statutory changes through the 1990 legislative session. The Court has received comments and suggestions from the Jacksonville Public Defender regarding the delinquency rules and from the Florida Rules of Judicial Administration Committee regarding use of certified court reporters. The juvenile rules committee considered the public defender's suggestions and agreed with some and disagreed with others.
After considering the juvenile rules committee's proposed amendments and the suggestions received from others, the Court adopts the committee's proposals. Therefore, the rules of juvenile procedure are amended as set out following this opinion. The amended rules will be effective at 12:01 a.m., July 1, 1991.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.

PART I. DELINQUENCY PROCEEDINGS

A. INTRODUCTORY RULES

RULE 8.010000. SCOPE AND PURPOSE
These rules shall govern the procedures in the Ccircuit Ccourt in the exercise of its jurisdiction under the Florida Juvenile Justice Act.
They are intended to provide a just, speedy, and efficient determination of the procedures covered by them and shall be construed to secure simplicity in procedure and fairness in administration.
They shall be known as the Florida Rules of Juvenile Procedure and may be cited as Fla.R.Juv.P.
When appropriate the use of singular nouns and pronouns shall be construed to include the plural and the use of plural nouns and pronouns shall be construed to include the singular. The use of male pronouns shall be construed in the universal sense of both male and female.
Committee Note: All rules have been edited for style and to remove gender-bias. The rules have been reorganized and renumbered to correspond to the types and stages of juvenile proceedings. Cross-references have been changed accordingly.
RULE 8.020 [RESERVED]

B. PRELIMINARY PROCEEDINGS

RULE 8.030005. ORDERING CHILDREN INTO CUSTODY
Initial paragraph [No change]
(a) Bbe in writing;
(b) Sspecify the name and address of the child or, if unknown, designate him the child by any name or description by which he the child can be identified with reasonable certainty;
*819 (c) Sspecify the age and sex of the child; or, if his the child's age is unknown, that he or she is believed to be of an age subject to the jurisdiction of the circuit court as a juvenile case;
(d) Sstate the reasons why the child is being taken into custody;
(e) Oorder that the child be brought immediately before the court or be taken to a place of detention designated by the court to be detained pending a detention hearing;
(f) Sstate the date when issued, and the county and court where issued; and
(g) Bbe signed by the judge court with the title of his office.

RULE 8.050010. DETENTION HEARING
(a) When Required. No detention order provided for in Rrule 8.04013 shall be entered without a hearing at which all parties shall have an opportunity to be heard on the necessity for the child's being held in detention, unless the court finds that the parent or custodian cannot be located or that the child's mental or physical condition is such that a court appearance is not in his the child's best interest.
(b)  (e) [No change]
(1) Tthe nature of the charge for which he or she was taken into custody.;
(2) His the right to be represented by counsel and if insolvent the right to appointed counsel.;
(3) Tthat he the child is not required to say anything and that anything he says said may be used against him or her.;
(4) Iif his the child's parent, custodian, or counsel is not present, that he or she has a right to communicate with them and that, if necessary, reasonable means will be provided for him to do so.; and
(5) Tthe reason continued detention is requested.
(f) [No change]
(g) Probable Cause. If the court finds that such probable cause exists, it shall enter an order making such a finding and may, if other statutory needs of detention exist, retain the child in detention. If the court finds that such probable cause does not exist, it shall forthwith release the child from detention. If the court finds that one or more of the statutory needs of detention exists, but is unable to make a finding on the existence of probable cause, it may retain the child in detention and continue the hearing for the purpose of determining the existence of probable cause to a time within seventy-two (72) hours of the time the child was taken into custody. The court may, on a showing of good cause, continue the hearing a second time for not more than twenty-four (24) hours beyond the seventy-two (72) hour 72-hour period. Release of the child based on no probable cause existing shall not prohibit the filing of a petition and further proceedings thereunder, but shall prohibit the holding of the child in detention prior to an adjudicatory hearing.

RULE 8.040013. DETENTION PETITION AND ORDER
(a) Time Limitation. No child taken into custody shall be detained, as a result of the incident for which he is taken into custody, longer than twenty-four hours as provided by law unless a detention order so directing is made by the judge court following a detention hearing.
(b) Petition. The detention petition shall:
(1) Bbe in writing and be filed with the court;
(2) Sstate the name and address of the child or, if unknown, designate him the child by any name or description by which he or she can be identified with reasonable certainty;
(3) Sstate the age and sex of the child; or, if his the age is unknown, that he the child is believed to be of an age which will make him or her subject to the procedures covered by these rules;
(4) Sstate the reasons why the child is in custody and needs to be detained;
(5) Rrecommend the place where the child is to be detained or the agency to be responsible for the detention; and
(6) Bbe signed by an authorized agent of the Department of Health and Rehabilitative *820 Services or by the state attorney or assistant state attorney.
(c) Order. The detention order shall:
(1) Bbe in writing;
(2) Sstate the name and address of the child or, if unknown, designate him the child by any name or description by which he or she can be identified with reasonable certainty;
(3) Sstate the age and sex of the child, or, if his the age is unknown, that he the child is believed to be of an age which will make him or her subject to the procedures covered by these rules;
(4) Oorder that the child shall be held in detention and state the reasons therefor;
(5) Mmake a finding that probable cause exists that the child is delinquent or dependent, or that such a finding cannot be made at this time and that the case is continued for such a determination to a time certain within seventy-two (72) hours from the time the child is taken into custody unless this time is extended by the court for good cause shown for not longer than an additional twenty-four (24) hours;
(6) Ddesignate the place where the child is to be detained or the person or agency that will be responsible for his the detention along with any special conditions found to be necessary;
(7) Sstate the date and time when issued and the county and court where issued, together with the date and time the child was taken into custody; and
(8) Bbe signed by the judge court with the title of his office.

RULE 8.015. ARRAIGNMENT OF DETAINED CHILD
(a) When Required. If a petition for delinquency is filed and the child is being detained, whether in secure, nonsecure, or home detention, the child shall be given a copy of the petition and shall be arraigned within 48 hours of the filing of the petition, excluding Saturdays, Sundays, or legal holidays.
(b) Notice.
(1) Personal appearance of any person in a hearing before the court shall obviate the necessity of serving process on that person.
(2) The clerk of the court shall give notice of the time and place of the arraignment to the parent or guardian of the child and the superintendent of the detention center by:
(A) summons;
(B) written notice; or
(C) telephone notice.
(3) The superintendent of the detention center, or designee, also shall verify that a diligent effort has been made to notify the parent or guardian of the child of the time and place of the arraignment.
(4) Failure of notice to the parent or guardian, or nonattendance of the parent or guardian at the hearing, shall not invalidate the proceeding.
Committee Note: This rule corresponds to section 39.044(7), Florida Statutes, which requires detained children to be arraigned within 48 hours of the filing of the delinquency petition. This statutory requirement does not allow the normal summons process to take place. The rule, therefore, creates an option for the clerk of the court to notice the parent by phone or in writing.

DC. PLEADINGS, PROCESS, AND ORDERS

RULE 8.090025. STYLE OF PLEADINGS AND ORDERS
[No change in text]

RULE 8.100030. COMMENCEMENT OF FORMAL PROCEEDINGS
All proceedings shall be initiated by the filing of a petition by a person authorized by law to do so. A uniform traffic complaint may be considered a petition, but shall not be subject to the requirements of Rrule 8.110035.

RULE 8.110035. PETITIONS FOR DELINQUENCY
(a) [No change]
(b) Verification. The petition shall be signed by the state attorney, or assistant state attorney, or other petitioner, stating under oath his the petitioner's good faith in *821 filing the petition. No objection to a petition on the grounds that it was not signed or verified, as herein provided, shall be entertained after a plea to the merits.
(c) [No change]
(d) Defects and Variances. No petition or any count thereof shall be dismissed, or any judgment vacated, on account of any defect in the form of the petition or of misjoinder of offenses or for any cause whatsoever. If the court is of the opinion that the petition is so vague, indistinct, and indefinite as to mislead the child and prejudice him the child in the preparation of a defense, the petitioner may be required to furnish a statement of particulars.
(e) [No change]

RULE 8.120040. PROCESS
(a) Summons.
(1) Upon the filing of a petition upon a child who is not detained by order of the court, the clerk shall issue a summons. The summons shall require the person on whom it is served to appear for a hearing at a time and place specified. The time of the hearing shall not be less than twenty-four (24) hours after service of the summons. If the child is not detained by order of the court, tThe summons shall require the custodian to produce the child at the said time and place. A copy of the delinquency petition shall be attached to the summons.
(2) If the child is being detained by order of the court, process shall be in accordance with the rule pertaining to the arraignment of a detained child.
(b) [No change]
(c) [No change]
Committee Note: This rule clearly defines the difference in procedures for summons for detained and nondetained children.

RULE 8.045. NOTICE TO APPEAR
(a) Definition. A notice to appear, unless indicated otherwise, means a written order issued by a law enforcement officer or authorized agent of the department, in lieu of taking a child into custody or detaining a child, which requires a child accused of violating the law to appear in a designated court or governmental office at a specified date and time.
(b) By Arresting Officer. If a child is taken into custody for a violation of law and the officer elects to release the child as provided by law to a parent, responsible adult relative, or legal guardian, a notice to appear may be issued to the child by the officer unless:
(1) the child fails or refuses to sufficiently identify himself or herself or supply the required information;
(2) the child refuses to sign the notice to appear;
(3) the officer has reason to believe that the continued liberty of the child constitutes an unreasonable risk of bodily injury to the child or others;
(4) the child has no ties with the jurisdiction reasonably sufficient to assure an appearance or there is substantial risk that the child will refuse to respond to the notice;
(5) the officer has any suspicion that the child may be wanted in any jurisdiction; or
(6) it appears that the child has previously failed to respond to a notice or a summons or has violated the conditions of any pretrial release program.
(c) By Departmental Agent. If a child is taken into custody by an authorized agent of the department as provided by law, or if an authorized agent of the department takes custody of a child from a law enforcement officer and the child is not detained, the agent shall issue a notice to appear to the child upon the child's release to a parent, responsible adult relative, or legal guardian.
(d) How and When Served. If a notice to appear is issued it shall be prepared in sextuplicate. One copy of the notice shall be delivered to the child and 1 copy shall be delivered to the person to whom the child is released. In order to secure the child's release, the child and the person to whom the child is released shall give their written promise that the child will appear as directed in the notice by signing the remaining copies. One copy is to be retained by the issuer and 3 copies are to be filed with the *822 clerk of the court. These 3 copies shall be sworn to by the issuer, a notary public, a deputy clerk, or an authorized agent of the department.
(e) Distribution of Copies. The clerk shall deliver 1 copy of the notice to appear to the state attorney and 1 copy to the department and shall retain 1 copy in the court's file.
(f) Contents. A notice to appear shall contain the following information:
(1) The name and address of the child and the person to whom the child was released.
(2) The date of the offense(s).
(3) The offense(s) charged by statute and municipal ordinance, if applicable.
(4) The counts of each offense.
(5) The time and place where the child is to appear in court.
(6) The name and address of the trial court having jurisdiction to try the offense(s) charged.
(7) The name of the arresting officer or authorized agent of the department.
(8) The signatures of the child and the person to whom the child was released.
(g) Failure to Appear. When a child signs a written notice to appear and fails to respond to the notice, an order to take into custody shall be issued.
(h) Form of Notice. The notice to appear shall be substantially as found in form 8.930.
Committee Note: This rule allows juveniles to be released with definite notice as to when they must return to court. This should help decrease the number of juveniles held in detention centers awaiting a court date. It also should provide a mechanism to divert juveniles to programs more efficiently. The change also should decrease the number of summons issued by the clerk.

RULE 8.140055. ORDERS
[No change in text]

RULE 8.060 [RESERVED]

CD. DISCOVERY

RULE 8.070060. DISCOVERY
(a) Required disclosure to child. Notice of Discovery.
(1) If a child should elect to utilize the discovery process provided by these rules, including the taking of discovery depositions, the child shall file with the court and serve upon the prosecuting attorney notice of the child's intent to participate in discovery. Such "notice of discovery" shall bind both the petitioner and the child to all discovery procedures contained in these rules. The child may take discovery depositions upon the filing of such notice. The child's participating in the discovery process, including the child's taking of the deposition of any person, shall be an election to participate in discovery. If any child knowingly or purposely shares in discovery obtained by a codefendant, the child shall be deemed to have elected to participate in discovery.
(1)(2) After the filing of a petition alleging a child to be delinquent, and prior to the adjudicatory hearing, within 5 days of service of the child's notice of election to participate in discovery, the petitioner shall disclose to the child or his the child's counsel and permit him to inspecting, copying, testing, and photographing of the following information and material within the petitioner's possession or control:
(iA) [No change in text]
(iiB) The statement of any person whose name is furnished in compliance with the preceding paragraph. The term "statement" as used herein means a written statement made by said person and signed or otherwise adopted by him, or her and also includes any statement of any kind or manner made by such person and written or recorded or summarized in any writing or recording. The term "statement" is specifically intended to include all police and investigative reports of any kind prepared for or in connection with the case but shall not include the notes from which such reports are compiled. or a stenographic, mechanical, electrical, or other recording, or a transcript thereof, or which is a substantially verbatim recital of an oral statement *823 made by said person to an officer or agent of the state and recorded contemporaneously with the making of such oral statement. The court shall prohibit the petitioner from introducing in evidence the material not disclosed, so as to secure and maintain fairness in the just determination of the cause.
(iiiC) [No change in text]
(ivD) [No change in text]
(vE) [No change in text]
(viF) [No change in text]
(viiG) [No change in text]
(viiiH) [No change in text]
(ixI) [No change in text]
(xJ) [No change in text]
(xiK) [No change in text]
(2)(3) [No change in text]
(3)(4) The petitioner shall perform the foregoing obligations in any manner mutually agreeable to him the petitioner and the child or as ordered by the court.
(4)(5) [No change in text]
(b) [No change]
(1) Within five (5) days after receipt by the child of the list of names and addresses furnished by the petitioner pursuant to this rule the child shall furnish to the petitioner a written list of all persons whom the child expects to call as witnesses at the hearing. When the petitioner subpoenas a witness whose name has been furnished by the child, except for hearing subpoenas, reasonable notice shall be given to the child as to the time and place of examination pursuant to the subpoena. At such examination, the child shall have the right to be present and to examine the witness.
(2) If the child demands discovery under section (a)(1), paragraphs (ii), (x), or (xi) of this rule, If the child elects to participate in discovery, the child shall disclose to the petitioner and permit him to inspecting, copying, testing, and photographing of the following information and material which corresponds to that which the child sought and which is in the child's possession or control:
(iA) [No change in text]
(iiB) [No change in text]
*824 (iiiC) [No change in text]
The child shall make the foregoing disclosure within five (5) days after receipt by him of the corresponding disclosure from the prosecutor. Defense counsel shall perform the foregoing obligations in any manner mutually agreeable to him or her and the prosecutor or as ordered by the court.
The filing of a motion for protective order by the petitioner will automatically stay the times provided for in this subdivision (b). If a protective order is granted, the child may, within two 2 days thereafter, or at any time before the petitioner furnishes the information or material which is the subject of the motion for protective order, withdraw his the demand and not be required to furnish reciprocal discovery.
(c), (1) [No change]
(2) [No change]
(iA) Work Products. Disclosure shall not be required of legal research or of records, correspondence, or memoranda, to the extent that they contain the opinion, theories, or conclusions of the prosecuting or defense attorneys or members of his their legal staff.
(iiB) Informants. Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or a failure to disclose his the informant's identity will infringe upon the constitutional rights of the child.
(d), (1) [No change]
(iA) [No change in text]
(iiB) The deposition shall be taken in a building where the adjudicatory hearing may be held, in such other place as agreed upon by the parties, or where the trial court may designate by special or general order. A resident of the state may be required to attend an examination only in the county where he or she resides, or is regularly employed, or regularly transacts his business in person.
(2) Procedure.
(iA) [No change in text]
(iiB) [No change in text]
(iiiC) [No change in text]
(ivD) Except as otherwise provided by this rule, the procedure for taking the deposition, including the scope of the examination, objections, and the issuance, execution, and return of service shall be the same as that provided by the Florida Rules of Civil Procedure.
(3) Use of Deposition. [No change in text]
(4) Introduction of Part of Deposition. If only part of a deposition is offered in evidence by a party, an adverse party may require him to the introducetion of any other part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts.
(5) Sanctions. A person who refuses to obey a subpoena served upon him or her for the taking of a deposition may be adjudged in contempt of the court from which the subpoena issued.
(6) Physical Presence of Child. The child shall not be physically present at a deposition except upon stipulation of the parties or upon court order for good cause shown.
(A) The child may move the court for an order permitting physical presence of the child upon a showing of good cause. In ruling on such a motion, the court may consider the need for the physical presence of the child to obtain effective discovery, the intimidating effect of the child's presence on the witness, if any, and any cost or inconvenience related to the child's presence.
(B) In considering the child's motion to be physically present at a discovery deposition, the court may consider alternative electronic or audio-visual means to protect the child's ability to participate in discovery without the child's physical presence.
(7) Statement of Law Enforcement Officer. Upon stipulation of the parties and the consent of the witness, the statement of a law enforcement officer may be taken by telephone in lieu of deposition of the officer. In such case, the officer need not be under oath. The statement, however, shall be recorded and may be used for impeachment at trial as a prior inconsistent statement pursuant to the Florida Evidence Code.
(8) Videotaped Depositions. Depositions of children under the age of 16 shall be videotaped upon demand of any party unless otherwise ordered by the court. The court may order videotaping of a deposition or taking of a deposition of a witness with fragile emotional strength to be in the presence of the trial judge or a special master.
(e) [No change]
(1) After the filing of the petition and upon reasonable notice, any party may apply for an order to perpetuate testimony of a witness. The application shall be verified or supported by the affidavits of credible persons and shall state that the prospective witness resides beyond the territorial jurisdiction of the court, or may be unable to attend or be prevented from attending the subsequent court proceedings, or grounds exist to believe that he the witness will absent himself or herself from the jurisdiction of the court, and that his the testimony is material, and that it is necessary to take his the deposition to prevent a failure of justice.
(2) If the application is well founded and timely made, the court shall order a commission to be issued to take the deposition of the witness to be used in subsequent court proceedings and that any designated books, papers, documents, or tangible objects, not privileged, be produced at the same time and place. The commission may be issued to any official court reporter, whether the witness be within or without the state, transcribed by him the reporter, and filed in the court. The commission shall state the time and place of the deposition and be served on all parties.
(3) No deposition shall be used or read in evidence when the attendance of the witness can be procured. If it shall appear to the court that any person whose deposition has been taken has absented himself or herself by procurement, inducements, or threats by or on behalf of any party, the deposition shall not be read in evidence on behalf of that party.
(f), (1) [No change]
*825 (iA) Aappear in a lineup.;
(iiB) Sspeak for identification by a witness to an offense.;
(iiiC) Bbe fingerprinted.;
(ivD) Ppose for photographs not involving reenactment of a scene.;
(vE) Ttry on articles of clothing.;
(viF) Ppermit the taking of specimens of material under his the fingernails.;
(viiG) Ppermit the taking of samples of his blood, hair, and other materials of his the body which involve no unreasonable intrusion thereof.;
(viiiH) Pprovide specimens of his handwriting.; or
(ixI) Ssubmit to a reasonable physical or medical inspection of his or her body.
(2) [No change]
(g) Limitations on Discovery. Upon a showing of good cause, the court may, by order, alter the time for compliance with any discovery rule or restrict or defer any disclosure and may permit any such showing in camera, provided that all material and information to which a party is entitled be disclosed to the party in time to make beneficial use thereof.
(h) Supplemental Discovery. If, subsequent to compliance with these rules, a party discovers additional witnesses, evidence, or material which he the party would have been under a duty to disclose or produce at the time of such previous compliance, he the party shall promptly disclose or produce such witnesses, evidence, or material in the same manner as required under these rules for initial discovery.
(i), (1) [No change]
(iA) Oorder such party to comply with the discovery or inspection of materials not previously disclosed or produced;
(iiB) Ggrant a continuance;
(iiiC) Ggrant a mistrial;
(ivD) Pprohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed; or
(vE) Eenter such order as it deems just under the circumstances.
(2) [No change]
Committee Note: This amendment tracks Florida Rule of Criminal Procedure 3.220. There are some sections of the criminal rule that have not been adopted for juvenile proceedings and a few that have been conformed to present juvenile rules.
(d)(6) The provision that a defendant child not be present at a deposition is similar to the corresponding criminal rule.
(d)(8) Many witnesses in juvenile court are children under 16 and the videotaping of testimony is not always necessary. The amendment mandates videotaping on demand of a party.

RULE 8.080065. NOTICE OF DEFENSE OF ALIBI
(a) Notice to State Attorney. After a petition has been served the state attorney may demand in writing that the child, if he who intends to offer an alibi in his defense, shall provide the state attorney with the details of the alibi as to the time and place where the child claims to have been at the time of the alleged offense and the names and addresses of such witnesses as may appear to testify thereon. The child shall comply as above not less than ten (10) days before the trial date.
(b) Rebuttal Witness List. The state attorney shall, within five (5) days of the receipt thereof, provide the child with a list of such witnesses as he to be chooses to called, to rebut the alibi testimony.
(c) Sanctions. Should the child fail or refuse to comply with the provisions hereof, the court may in its discretion exclude testimony of alibi witnesses other than the child himself, or, should the state attorney fail to comply herewith, the court may in its discretion exclude rebuttal testimony offered by the state.
(d) Waiver of Rule. For good cause shown, the court may waive the requirements of this rule.

E. ARRAIGNMENTS AND PLEAS

RULE 8.070. ARRAIGNMENTS
Prior to the adjudicatory hearing the court may conduct a hearing to determine *826 whether a guilty, nolo contendere, or not guilty plea to the petition shall be entered and whether the child is represented by counsel orentitled to appointed counsel as provided by law. If a plea of guilty or nolo contendere is entered, the court shall proceed as set forth under rule 8.115, disposition hearings. If a plea of not guilty is entered, the court shall set an adjudicatory hearing within the period of time provided by law and appoint counsel when required. If the child is represented by counsel, counsel may file a written plea of not guilty at or before arraignment and thereupon arraignment shall be deemed waived.
Committee Note: This rule creates an arraignment proceeding that is referred to in section 39.044(7), Florida Statutes.

RULE 8.130075. RESPONSIVE PLEADINGS AND MOTIONS PLEAS
(a) Pleas. [No change in text]
(1)(a) Acceptance of Plea. [No change in text]
(2)(b) Plan of Proposed Treatment, Training, or Conduct. [No change in text]
(i)(1) The plan must be in writing, agreed to and signed in all cases by the state attorney, the child, and, when represented, by his the child's counsel, and, unless excused by the court, by the parents or custodian. An authorized agent of the supervising agency involved shall indicate whether the agency recommends the acceptance of the plan.
(ii)(2) [No change in text]
(iii)(3) [No change in text]
(iv)(4) Violations of the conditions of the plan shall be presented to the court by motion by the supervising agency or by any party. If the court, after hearing, finds a violation has occurred, it may take such action as is appropriate to enforce the plan, modify the plan by supplemental agreement, or it may set the case for hearing on the original petition.
(v)(5) The plan shall be effective for an indeterminate period, or for such period as is stated therein, or until the petition is dismissed.
(vi)(6) [No change in text]
(3)(c) Written Answer. A written answer admitting or denying the allegations of the petition may be filed by the child joined by a parent, custodian, or the child's counsel. If the answer admits the allegations of the petition it must acknowledge that the child has been advised of his the right to counsel, of his the right to remain silent, and of the possible dispositions available to the court and shall include a consent to a pre-dispositional predispositional study. Upon the filing of such an answer a hearing for adjudication or adjudication and disposition shall be set at the earliest practicable time.
(4)(d) Entry of Plea by Court. [No change in text]
(5)(e) Withdrawal of Plea. [No change in text]

RULE 8.080. ACCEPTANCE OF GUILTY OR NOLO CONTENDERE PLEA
(a) Voluntariness. Before accepting a plea of guilty or nolo contendere, the court shall determine that the plea is knowingly and voluntarily entered and that there is a factual basis for it. Counsel for the prosecution and the defense shall assist the court in this determination.
(b) Determination by Court. The court, when making this determination, should place the child under oath and shall address the child personally. The court shall determine that the child understands the following:
(1) The nature of the charge to which the plea is offered and the possible dispositions available to the court.
(2) If the child is not represented by an attorney, that the child has the right to be represented by an attorney at every stage of the proceedings and, if necessary, one will be appointed.
(3) That the child has the right to plead not guilty, or to persist in that plea if it had already been made, and that the child has the right to an adjudicatory hearing and at that hearing has the right to the assistance of counsel, the right to compel the attendance of witnesses on his or her behalf, the right to confront and cross-examine witnesses against him or her, and the right *827 not to be compelled to incriminate himself or herself.
(4) That, if the child pleads guilty or nolo contendere, without express reservation of the right to appeal, the right to appeal all matters relating to the judgment, including the issue of guilt or innocence, is relinquished, but the right to review by appropriate collateral attack is not impaired.
(5) That, if the child pleads guilty or nolo contendere, there will not be a further adjudicatory hearing of any kind, so that by pleading so the right to an adjudicatory hearing is waived.
(6) That, if the child pleads guilty or nolo contendere, the court may ask the child questions about the offense to which the child has pleaded, and, if those questions are answered under oath, on the record, the answers may later be used against the child in a prosecution for perjury.
(7) The complete terms of any plea agreement including specifically all obligations the child will incur as a result.
(c) Acknowledgment by Child. Before the court accepts a guilty or nolo contendere plea, the court must determine that the child either:
(1) acknowledges guilt; or
(2) acknowledges that the plea is in the child's best interest, while maintaining innocence.
(d) Of Record. These proceedings shall be of record.
(e) When Binding. No plea offer or negotiation is binding until it is accepted by the court after making all the inquiries, advisements, and determinations required by this rule. Until that time, it may be withdrawn by either party without any necessary justification.
(f) Failure to Follow Procedures. Failure to follow any of the procedures in this rule shall not render a plea void, absent a showing of prejudice.

F. MOTIONS AND SERVICE OF PLEADINGS

RULE 8.130(b)  (o)085. PREHEARING MOTIONS AND SERVICE
(b)(a) Pre-Hearing Prehearing Motions.
(1) Motions in General. Every motion made before a hearing and any pleading in response to the motion shall be in writing and shall be signed by the party making the motion and his the party's attorney. This requirement may be waived by the court for good cause shown.
(2) Motion to Dismiss. All defenses not raised by a plea of not guilty or denial of the allegations of the petition shall be made by a motion to dismiss the petition. (i) If a motion to dismiss is granted, the child who is detained under an order entered under Rrule 8.040013 may be continued in detention under the said order upon the representation that a new or amended petition will be filed.
(3) [No change]
(iA) Contents. [No change in text]
(iiB) Hearing. [No change in text]
(4) Motion to Sever. A motion may be made for the severance of two 2 or more counts in a multi-count petition, or for the severance of the cases of two 2 or more children to be adjudicated in the same hearing. The court may grant motions for severance of counts and severance of jointly-brought cases for good cause shown.
(5) [No change]
(6) Sworn Motions to Dismiss. Before the adjudicatory hearing the court may entertain a motion to dismiss on the ground that there are no material disputed facts and the undisputed facts do not establish a prima facie case of guilt against the child. The facts on which such motion is based shall be specifically alleged and the motion sworn to by the child. The motion shall be filed a reasonable time before the date of the adjudicatory hearing. The state may traverse or demur to this motion. Factual matters alleged in it shall be deemed admitted unless specifically denied by the state in a traverse. The court, in its discretion, may receive evidence on any issue of fact necessary to decide the motion. The motion shall be dismissed if the state files a written traverse that with specificity denies under oath the material fact or facts alleged *828 in the motion to dismiss. Any demurrer or traverse shall be filed a reasonable time before the hearing on the motion to dismiss.
(c)(b) Service of Pleadings and Papers.
(1) Service, When Required. [No change in text]
(2) Service, How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made by delivering a copy to him or by mailing it to the attorney or party's him at his last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall mean:
(iA) Hhanding it to the attorney or party;
(iiB) Lleaving it at the attorney's office with the person in charge thereof;
(iiiC) Iif there is no one in charge of the office, leaving it in a conspicuous place therein; or
(ivD) Iif the office is closed or the person to serve has no office, leaving it at his or her usual place of abode with some person of his the family above fifteen 15 years of age and informing such person of the contents thereof.
(3) [No change]
(4) Filing with Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court except that the judge court may permit the papers to be filed with him the court in which event he shall note thereon the filing date shall be noted thereon and the papers shall be transmitted them to the office of the clerk.
(5) [No change]
(6) People Who May Certify Service. Service of pleadings and orders required to be served as provided by subdivision (2) may be certified by an attorney of record, clerk or deputy clerk, court, or authorized agent of the Department of Health and Rehabilitative Services in the form provided in subdivision (5).
(d)(c) [No change]
(e)(d) Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of notice or other paper upon him and the notice or paper is served upon him by mail, three (3) days shall be added to the prescribed period.
(f)(e) Pleading to be Signed by Attorney. Every written paper or pleading of a party represented by an attorney shall be signed in his the attorney's individual name by such attorney, whose address and telephone number, including area code, and Florida Bar number shall be stated, and who shall be duly licensed to practice law in Florida. He The attorney may be required by an order of court to vouch for his the authority to represent such party and to give the address of such party. Except when otherwise specifically provided by these rules or applicable statute, pleadings as such need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by him the attorney that he has read the paper or pleading has been read; that, to the best of his or her knowledge, information, and belief, there is good ground to support it; and that it is not interposed for delay. If a pleading or paper is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or paper had not been served.
(g)(f) Pleading to be Signed by Unrepresented Party. A party who has no attorney but represents himself or herself shall sign his the written pleading or other paper and state his or her address and telephone number, including area code.
Committee Note: (a)(6) This creates a procedure for dismissal similar to Florida Rule of Criminal Procedure 3.190(c)(4).

RULE 8.18090. SPEEDY TRIAL
(a) Time. If a petition has been filed alleging a child to have committed a delinquent *829 act, the child shall be brought to an adjudicatory hearing without demand within ninety (90) days of the earliestr of the following dates:
(1), (2) [No change]
(b) Dismissal. If an adjudicatory hearing has not commenced within ninety (90) days, upon motion timely filed with the court and served upon the prosecuting attorney, the respondent shall be entitled to the appropriate remedy as set forth in section subdivision (j) below. The court before granting such motion shall make the required inquiry under subsection subdivision (d) of this rule.
(c) Commencement. A child shall be deemed to have been brought to trial if the adjudicatory hearing begins before the judge court within the time provided.
(d) Motion to Dismiss. If the adjudicatory hearing is not commenced within the periods of time established, the respondent shall be entitled to the appropriate remedy as set forth in section subdivision (j) below unless:
(1) The child has voluntarily waived his the right to speedy trial;.
(2) An extension of time has been ordered under subdivision (e);.
(3) The failure to hold an adjudicatory hearing is attributable to the child, a corespondent in the same adjudicatory hearing, or their counsel;.
(4) The child was unavailable for the adjudicatory hearing. A child is unavailable if:
(iA) the child or his the child's counsel fails to attend a proceeding when their presence is required; or
(iiB) the child or his the child's counsel is not ready for the adjudicatory hearing on the date it is scheduled.
No presumption of non-availability nonavailability attaches, but if the state objects to dismissal and presents any evidence tending to show non-availability nonavailability, the child must, by competent proof, establish availability during the term.
(5) The demand referred to in section subdivision (f) is invalid.
(6) If the court finds dismissal is not appropriate, the pending motion to dismiss shall be denied, and an adjudicatory hearing shall commence within ninety (90) days of a written or recorded order of denial.
(e) Extension of Time. The period of time established by subdivision (a) may be extended as follows:
(1) Stipulation. Upon stipulation, announced to the court or signed by the child or his the child's counsel and the state.
(2) Exceptional Circumstances. [No change in text]
(iA) [No change in text]
(iiB) [No change in text]
(iiiC) [No change in text]
(ivD) [No change in text]
(vE) [No change in text]
(viF) [No change in text]
(vii) Exceptional circumstances shall not include general congestion of the court's docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays.
(3) [No change]
(f) Speedy Trial Upon Demand. Except as otherwise provided by this rule and subject to the limitations imposed by section subdivision (g), the child shall have the right to demand a trial within sixty (60) days, by written demand for speedy trial filed with the court and service upon the prosecuting attorney.
(1) No later than five (5) days from the filing of a demand for speedy trial, the court shall set the matter for report, with notice to all parties, for the express purpose of announcing in open court, receipt of the demand and of setting the case for trial.
(2) At the report the court shall set the case for trial to commence at a date no less than five (5) days nor more than forty-five (45) days from the date of the report.
(3) The failure of the court to hold such a report date on a demand which has been properly filed shall not interrupt the running *830 of any time periods under this section subdivision (f).
(4) In the event that the child shall not have been brought to trial within fifty (50) days of the filing of the demand, the child shall have the right to the appropriate remedy as set forth in section subdivision (j) below.
(g) Demand for Speedy Trial; Effect. A demand for speedy trial shall be deemed a pleading by the respondent that he or she is available for the adjudicatory hearing, has diligently investigated his the case, and that he is prepared or will be prepared for the adjudicatory hearing within five (5) days. A demand may not be withdrawn by the child, except on order of the court, with consent of the state, or on good cause shown. Good cause for continuance or delay on behalf of the accused shall not thereafter include nonreadiness for the adjudicatory hearing, except as to matters which may arise after the demand for the adjudicatory hearing is filed and which could not reasonably have been anticipated by the accused or his defense counsel.
(h) Dismissal After Demand. If an adjudicatory hearing has not commenced within fifty (50) days after a demand for speedy trial, upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney, the child shall have the right to the appropriate remedy as set forth in section subdivision (j) below; provided the court has made the required inquiry under subdivision (d).
(i) Effect of Mistrial, Appeal, or Order of New Trial. A child who is to be tried again or whose adjudicatory hearing has been delayed by an appeal by the state or the respondent shall be brought to trial within ninety (90) days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the respondent, whichever is last. If the child is not brought to trial within the prescribed time periods, the child shall be entitled to the appropriate remedy as set forth in section subdivision (j) below.
(j) [No change]
(1) No remedy shall be granted to any respondent under this Rrule until the court shall have made the required inquiry under section subdivision (d).
(2) The respondent may, at any time after the expiration of the prescribed time period, file a motion for discharge. Upon filing the motion the respondent shall simultaneously file a notice of hearing. The motion for discharge and its notice of hearing shall be served upon the prosecuting attorney.
(3) No later than five (5) days from the date of the filing of a motion for discharge, the court shall hold a hearing on the motion and, unless the court finds that one of the reasons set forth in section subdivision (d) exists, shall order that the respondent be brought to trial within ten (10) days. If the respondent is not brought to trial within the ten (10) day 10-day period through no fault of the respondent, the respondent shall be forever discharged from the crime.
Committee Note: (j)(2) This rule requires a notice of hearing at the time of filing the motion for discharge to ensure that the child's motion is heard in a timely manner. A dissenting opinion in the committee was that this change does not protect the child's rights but merely ensures that the case is not dismissed because of clerical error.

RULE 8.170095. PROCEDURE WHEN CHILD BELIEVED TO BE INCOMPETENT
(a), (1) [No change]
(2) If at the hearing provided for in subdivision (a)(1) above the child is found to be competent to proceed with an adjudicatory hearing, the court shall proceed therewith.
(3) If at the hearing provided for in subdivision (a)(1) above the child is found to be incompetent to proceed with the adjudicatory hearing, proceedings shall be commenced for the involuntary hospitalization of the child as provided by law.
*831 (iA) If the child is not hospitalized because of the fact that the child does not meet the criteria for involuntary hospitalization according to law, the court may order any non-delinquent nondelinquent treatment for the child in order to restore the child's competence to proceed with an adjudicatory hearing.
(iiB) If the child is not hospitalized, or upon his the child's release from the hospital, any interested party or the court on its own motion may call the matter up for the purpose of setting an adjudicatory hearing.
(4) [No change]
(b) At Time of the Offense.
(1) If the child named in the petition intends to plead insanity as a defense, he or she shall so advise the court in writing not less than ten (10) days in advance of the adjudicatory hearing and shall provide the court with a statement of particulars showing as nearly as he or she can the nature of the insanity he expects to prove expected to be proved and the names and addresses of witnesses by whom he expects expected to prove such insanity. Upon the filing of said statement, upon motion of the state, or on its own motion, the court may cause the child to be examined in accordance with the procedures set forth in this rule.
(2) [No change]
(c) [No change]
(1) Where a question has been raised concerning the sanity or competency of the child named in the petition and the court has set the matter for an adjudicatory hearing or a hearing to determine the mental condition of the child, the court may appoint not exceeding three (3) disinterested qualified experts to examine the child and testify at the hearing. Other competent evidence may be introduced at the hearing. The appointment of experts by the court shall not preclude the state nor the child from calling other expert witnesses to testify at the adjudicatory hearing or at the hearing to determine the mental condition of the child.
(2) [No change]

G. HEARINGS

RULE 8.220100. GENERAL PROVISIONS FOR HEARINGS

Initial paragraph [No change]

(a) [No change]
(b) Absence of the Child. If the child is present at the beginning of a hearing and shall thereafter during the progress of the hearing voluntarily absent himself or herself from the presence of the court without leave of the court, or is removed from the presence of the court because of disruptive conduct during the hearing, the hearing shall not thereby be postponed or delayed, but shall proceed in all respects as if the child were present in court at all times.

(c), (d) [No change]
(e) Record of Testimony. A record of the testimony in all hearings shall be made by an official court reporter, a court approved stenographer, or by a recording device. The records shall be preserved for five 5 years from the date of the hearing. Official records of testimony shall be transcribed only upon order of the court.

(f) [No change]

RULE 8.150105. WAIVER OF JURISDICTION
(a) On Demand. On demand for waiver of jurisdiction, the court shall enter a written order setting forth the demand, waiving jurisdiction, and certifying the case for trial as if the child were an adult. The demand shall be made in the form provided by law prior to the commencement of an adjudicatory hearing. A certified copy of the order shall be furnished to the clerk of the court having jurisdiction to try the child as an adult and to the prosecuting officer of the said child within five (5) days of the demand being made. The court may order that the child be delivered to the sheriff of the county in which the court that is to try him the child is located.
*832 (b), (1) [No change]
(2) Following the filing of the motion of the state attorney, summons shall be issued and served in conformity with the provision of rule 8.120040. A copy of the motion and a copy of the delinquency petition, if not already served, shall be attached to each summons.
(3), (4) [No change]
(5) After hearing as provided in this rule,:
(iA) tThe court may enter an order waiving jurisdiction and certifying the case for trial as if the child were an adult as provided by law. The order shall set forth the basis for waiver of jurisdiction and certification to the appropriate court. A certified copy of the order shall be furnished to the clerk of the court having jurisdiction to try the child as an adult and to the prosecuting officer of the said court within five (5) days of the date of the order. The child shall be delivered immediately to the sheriff of the county in which the court that is to try him the child as an adult is located.
(iiB) The court may enter an order denying waiver of jurisdiction. If the waiver is denied, the same judge, with the consent of the child and the state, may proceed immediately with the adjudicatory hearing.
(c) Bail. If the child is delivered to the sheriff under subdivision (a) or (b) above the court shall fix bail. A certified copy of the order shall be furnished to the sheriff.

RULE 8.190110. ADJUDICATORY HEARINGS
(a)  (c) [No change]
(d) Testimony. The child may be sworn and testify in his or her own behalf. He The child may be cross-examined as other witnesses. No child shall be compelled to give testimony against himself or herself, nor shall any prosecuting attorney be permitted to comment on the failure of the child to testify in his or her own behalf. A child offering no testimony in his or her own behalf except his or her own shall be entitled to the concluding argument.
(e) Joint and Separate Trials. When two 2 or more children are alleged to have committed a delinquent act or violation of law, they shall be tried jointly unless the court in its discretion orders separate trials.
(f)  (k) [No change]

RULE 8.200115. DISPOSITION HEARING
(a) [No change]
(b) Disclosure to Child or Parent. The child, his the child's attorney, and his the child's parent or custodian shall be entitled to disclosure of all information in the predisposition report.
(c) Fingerprints. The child's fingerprints shall be affixed to the order of disposition.
(d) Procedure for Placement as Serious or Habitual Offender.
(1) If the state elects to proceed under this subdivision, it shall file a petition to seek serious or habitual juvenile offender placement as provided by law.
(2) The petition shall be in writing and shall state the reasons why the child should be placed as a serious or habitual juvenile offender. A copy of the petition shall be served upon the child, the child's attorney, and a representative of the Department of Health and Rehabilitative Services.
(3) The child shall not be placed as a serious or habitual juvenile offender unless the child is adjudicated delinquent, is committed to the department, and meets the criteria as prescribed by law. The court shall not make a determination of the child's placement as a serious or habitual juvenile offender without allowing reasonable time for preparation of a response on behalf of the child.
Committee Note: (c) Section 39.032(3)(e)5, Florida Statutes, requires the court to fingerprint any child who is adjudicated or has adjudication withheld for a felony. This rule extends this requirement to all dispositions. Sentencing guidelines include scorable points for misdemeanor offenses as well as for felonies. This procedure also should assist in identifying juveniles who use false names and birthdates, which can result in the arrest of an innocent child whose name was used by the offender.
*833 (d) Section 39.09(5), Florida Statutes, creates procedures to have a child placed in a serious or habitual juvenile offender program. This section allows for filing of a petition, service, and a reasonable time for preparation of a response on behalf of the child.

RULE 8.210120. POST DISPOSITION-POSTDISPOSITION HEARING
(a) Revocation of Community Control Programs. A child who has been placed in a community control program may be brought before the court by the agent supervising his the child's probation community control or by the state attorney on a petition alleging the violation of the program. All interested persons, including the child, shall have an opportunity to be heard. After such hearing, the court shall enter an order revoking, modifying, terminating, or continuing the community control program. Upon the revocation of the program, the court shall, when the child has been placed in a community control program and adjudication has been withheld, adjudicate the child delinquent. In all cases after a revocation of the program, the court shall enter a new disposition order.
(b) [No change]

H. RELIEF FROM ORDERS AND JUDGMENTS

RULE 8.230130. MOTION FOR REHEARING
(a) [No change]
(b) Time and Method.
(1) A motion for rehearing may be made and ruled upon immediately after the court announces its judgment but must be made within ten (10) days of the entry of the order being challenged.
(2), (3) [No change]
(c), (1) [No change]
(2) The court on its own initiative may vacate or modify any order within the time limitation provided in subdivision (b) above.

RULE 8.240135. CLERICAL MISTAKES
[No change in text]

RULE 8.250140. EXTRAORDINARY RELIEF
(a) Basis. On motion and upon such items as are just, the court may relieve a party or his the party's legal representative from an order, judgment, or proceeding for the following reasons:
(1) Mistake, inadvertance, surprise, or excusable neglect;.
(2)  (4) [No change]
(b) Time. The motion shall be made within a reasonable time, and, for reasons (1), (2), and (3), not more than one 1 year after the judgment, order, or proceeding was taken.

RULE 8.270145. SUPERSEDEAS ON APPEAL
[No change in text]

I. CONTEMPT

RULE 8.270150. DIRECT CONTEMPT
(a) Direct Contempt. A contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the judge court shall inform the person accused of the accusation against him and inquire as to whether he has there is any cause to show why he or she should not be adjudged guilty of contempt by the court and sentenced therefor. The accused shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge court and entered of record. Sentence shall be pronounced in open court.

Rule 8.280. INDIRECT CONTEMPT
(b) Indirect Contempt. An indirect contempt may be prosecuted in the following manner:
(a)(1) Order to Show Cause. The judge court on his its own motion or upon affidavit of any person having knowledge of the facts, may issue and sign an order directed to the one accused of contempt, stating the essential facts constituting the contempt *834 charged and requiring him the accused to appear before the court to show cause why he or she should not be held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for the preparation of a defense after service of the order on the one accused. It shall be served in the same manner as a summons. Nothing herein shall be construed to prevent the one accused of contempt from waiving the service of process.
(b)(2) Motions; Answer. The accused, personally or by counsel, may move to dismiss the order to show cause, move for a statement of particulars, or answer such order by way of explanation or defense. All motions and the answers shall be in writing unless specified otherwise by the judge court. The accused's omission to file a motion or answer shall not be deemed an admission of guilt of the contempt charged.
(c)(3) Order of Arrest; Bail. The judge court may issue an order of arrest of the one accused of contempt if the judge court has reason to believe he the accused will not appear in response to the order to show cause. The accused shall be admitted to bail in the manner provided by law in criminal cases.
(d)(4) Arraignment; Hearing. The accused may be arraigned at the hearing, or prior thereto upon his request. A hearing to determine the guilt or innocence of the accused shall follow a plea of not guilty. The judge court may conduct a hearing without assistance of counsel or may be assisted by the state attorney or by an attorney appointed for that purpose. The accused is entitled to be represented by counsel, have compulsory process for the attendance of witnesses, and may testify in his or her own defense. All issues of law and fact shall be determined by the judge court.
(e)(5) Disqualification of the Judge. If the contempt charged involves disrespect to or criticism of a judge, he the judge shall be disqualified by the Cchief Jjudge of the circuit.
(f)(6) Verdict; Judgment. At the conclusion of the hearing the judge court shall sign and enter of record a judgment of guilty or not guilty. There should be included in a judgment of guilty a recital of the facts constituting the contempt of which the defendant accused has been found and adjudicated guilty.
(g)(7) The Sentence. Prior to the pronouncement of sentence the judge court shall inform the defendant accused of the accusation and judgment against him or her and inquire as to whether he has there is any cause to show why sentence should not be pronounced. The accused shall be afforded the opportunity to present evidence of mitigating circumstances. The sentence shall be pronounced in open court and in the presence of the one found guilty of contempt.

J. GENERAL PROVISIONS

RULE 8.160. TRANSFER OF CASES
The court may transfer any case, after adjudication or when adjudication is withheld, to the circuit court for the county of the circuit in which is located the domicile or usual residence of the child or such other circuit court as the judge court may determine to be for the best interest of the child. No case shall be transferred to another county under this rule unless a plea of nolo contendere or guilty has been entered by the child on the charge being transferred, or until the transferring court has found the child committed the offense in question after an adjudicatory hearing in the county where the offense occurred. Any action challenging the entry of a plea or the adjudicatory hearing result must be brought in the transferring court's county. The transferring court shall enter an order transferring its jurisdiction and certifying the case to the proper court,. The transferring court shall furnishing the following to the clerk and the state attorney, the public defender, if counsel was previously appointed, and the clerk of the receiving court within five 5 days:
(a) aA certified copy of the order of transfer, which shall include, but not be limited to:
*835 (1) specific offense that the child was found to have committed;
(2) degree of the offense;
(3) name of parent/custodian to be summoned;
(4) address at which the child should be summoned for disposition;
(5) name and address of victim; and
(6) whether the child was represented by counsel.
(b) A certified copy of the delinquency petition.
(c) A copy of the juvenile referral or complaint.
(d) Any reports and of all previous orders including orders appointing counsel entered by the court in the interest of that child.
Committee Note: This rule requires the transferring court to provide sufficient information to the receiving court when transferring the case to another jurisdiction to comply with the requirements of chapter 39, Florida Statutes.

RULE 8.290165. PROVIDING COUNSEL TO PARTIES
(a) Duty of the Court. The court shall advise the child of his the child's right to counsel. The court shall appoint counsel as provided by law unless waived by the child at each stage of the proceeding. This waiver shall be in writing if made at the time of a plea of guilty or no contest or at the adjudicatory hearing.
(b) [No change]
(1) The failure of a child to request appointment of counsel at a particular stage in the proceedings or his the child's announced intention to plead guilty shall not, in itself, constitute a waiver of counsel at any subsequent stage of the proceedings.
(2) A child shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into the child's comprehension of that offer and his the capacity to make that choice intelligently and understandingly has been made.
(3) No waiver shall be accepted where it appears that the party is unable to make an intelligent and understanding choice because of his mental condition, age, education, experience, the nature or complexity of the case, or other factors.
(4) [No change]

RULE 8.300170. GUARDIAN AD LITEM.
[No change in text]

RULE 8.320175. DISQUALIFICATION OF JUDGE
(a) [No change]
(b) Form of Motion. Every motion to disqualify shall be in writing and be accompanied by two 2 or more affidavits setting forth facts relied upon to show the grounds of disqualification and shall contain a certificate of counsel of record that the motion is made in good faith.
(c) Time. A motion to disqualify a judge shall be filed no less than ten (10) days before the time the case is set for hearing unless good cause is shown for failure to file within such time.
(d) Challenged Judge; Responsibility. The judge presiding shall examine the motion and supporting affidavits to disqualify him or her for prejudice to determine their legal sufficiency only, but shall not pass on the truth of the facts alleged nor adjudicate the question of disqualification. If the motion and affidavits are legally sufficient, the presiding judge shall enter an order disqualifying himself or herself and proceed no further therein. Another judge shall be designated in a manner prescribed by applicable laws or rules for the substitution of judges for the trial of causes where the judge presiding is disqualified.
(e) Substituted Judge; Responsibility. When a party shall have suggested the disqualification of a trial judge and an order shall have been made admitting the disqualification of such judge, and another judge shall have been assigned to act in lieu of the judge so held to be disqualified, the judge so assigned shall not be disqualified on account of alleged prejudice against the party making the motion in the first instance, or in favor of the adverse *836 party, unless such judge shall admit and hold that it is then a fact that he, the said judge, does not stand fair and impartial between the parties, and, if such judge shall hold, rule, and adjudge that he or she does stand fair and impartial as between the parties and their respective interest, he the judge shall cause such ruling to be entered on the minutes of court, and shall proceed to preside as judge in the pending cause. The ruling of such judge may be reviewed by the appellate court, as are other rulings of the trial court.

RULE 8.330180. COMPUTATION AND ENLARGEMENT OF TIME
(a) Computation. In computing any period of time prescribed or allowed by these rules, except Rrules 8.040013 and 8.050010, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is Saturday, Sunday, or a legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday, nor a legal holiday. When the period of time prescribed or allowed shall be less than seven (7) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in from the computation.
(b) Enlargement of Time. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for good cause shown may, at any time, in its discretion:
(1) with or without notice, order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order,; or
(2) upon motion made and notice after the expiration of the specified period, permit the act to be done where the failure to act was the result of excusable neglect;.
But it may not, except as provided by law or elsewhere in these rules, extend the time for making a motion for a new trial, a motion for rehearing, judgment of acquittal, vacation of judgment, or for taking an appeal. This rule shall not be construed to apply to detention hearings.

PART II. DEPENDENCY AND TERMINATION OF PARENTAL RIGHTS PROCEEDINGS

RULE 8.500200. SCOPE AND PURPOSE
These rules shall govern the procedures in the Ccircuit Ccourt in the exercise of its jurisdiction relating to juvenile dependency proceedings and termination of parental rights proceedings.
They are intended to provide a just, speedy, and efficient determination of the procedures covered by them and shall be construed to secure simplicity in procedure and fairness in administration.
They shall be known as the Florida Rules of Juvenile Procedure, and may be cited as Fla.R.Juv.P. Where these rules are silent, the parties are to refer to the Florida Rules of Civil Procedure.
When appropriate the use of singular nouns and pronouns shall be construed to include the plural and the use of plural nouns and pronouns shall be construed to include the singular. The use of male pronouns shall be construed in the universal sense of both male and female.
Committee Note: This section includes termination of parental rights proceedings within the scope of dependency proceedings. It also refers practitioners to the Florida Rules of Civil Procedure when these rules are silent.
All rules have been edited for style and to remove gender-bias. The rules have been reorganized and renumbered to correspond to the types and stages of juvenile proceedings. Cross-references have been changed as appropriate.

A. GENERAL PROVISIONS

RULE 8.510201. COMMENCEMENT OF PROCEEDINGS
(a) Dependency. All dependency proceedings shall be initiated by the filing of one of the following pleadings:
(1) a request to take into custody;
(2) a detention petition; or
*837 (3) a petition alleging dependency; or.
(4) a petition for permanent commitment.
(b) Termination of Parental Rights. A termination of parental rights proceeding shall be initiated by the filing of a petition for termination of parental rights.
(c) File to be Opened. Upon commencement of any dependency or termination of parental rights proceeding, the clerk shall open a file and assign a case number.

RULE 8.520203. APPLICATION OF UNIFORM CHILD CUSTODY JURISDICTION ACT
Any pleading filed commencing proceedings as set forth in Rrule 8.510201 shall be accompanied by an affidavit, to the extent of affiant's personal knowledge, under the Uniform Child Custody Jurisdiction Act. Each party has a continuing duty to inform the court of any custody proceeding in this or any other state of which he obtains information is obtained during the proceeding. RULE 8.530205. TRANSFER OF CASES
(a) Transfer of Cases Within Circuit Court. If it should appear at any time in a proceeding initiated in a division other than the juvenile division of the circuit court that facts are alleged that essentially constitute a dependency or the termination of parental rights, the court may upon consultation with the administrative judge assigned to juvenile cases order the transfer of action and the transmittal of all relevant papers to the juvenile division. The juvenile division shall then assume jurisdiction only over matters pertaining to dependency, custody, visitation, and child support.
(b) Transfer of Cases Within the State of Florida. The court may transfer any case after adjudication, when adjudication is withheld, when a plan under Rrule 8.760327 has been accepted, or before adjudication where witnesses are available in another jurisdiction, to the circuit court for the county in which is located the domicile or usual residence of the child or such other circuit as the judge court may determine to be for the best interest of the child and to promote the efficient administration of justice. The transferring court shall enter an order transferring its jurisdiction and certifying the case to the proper court, furnishing all parties, the clerk, and the state attorney of the receiving court a copy of the order of transfer within five (5) days. The clerk shall also transmit a certified copy of the file to the receiving court within five (5) days.
(c) [No change]

RULE 8.540210. PARTIES
(a) Definitions. For the purpose of these rules the terms "party" and "parties" shall include the petitioner, the child, the parent, the guardian ad litem where appointed, the custodian, and every person upon whom service of summons is required by law, including the guardian ad litem, where appointed.
(b) Additional Parties. The state attorney's office or the Department of Health and Rehabilitative Services may become a party upon notice to all other parties and the court. The court may add additional parties.
Committee Note: (b) This section provides a mechanism to allow the Department of Health and Rehabilitative Services or the state attorney to become parties on notice to all other parties and the court.

RULE 8.590215. GUARDIAN AD LITEM
(a) Request. [No change in text]
(b) Appointment. The court shall appoint a guardian ad litem to represent the child in any child abuse or neglect proceeding as required by law and shall ascertain at each stage of the proceeding whether a guardian ad litem has been appointed.
(c) Duties and Responsibilities. [No change in text]
(1) To investigate the allegations of the petition and any subsequent matters arising in the case and, unless excused by the court, to file a written report. This report shall include a statement of the wishes of the child and the recommendations of the guardian ad litem and shall be provided to all parties and the court at least 48 hours prior to the disposition hearing for which the report is prepared.
(2) To be present at all court hearings unless excused by the court.
*838 (3) To represent the interests of the child until the jurisdiction of the court over the child terminates, or until excused by the court.
(4) [No change]
(d) Bond. [No change in text]
(e) Service. A guardian ad litem shall be entitled to receive service of pleadings and papers as provided by Rrule 8.630225.
(f) Practice of Law by Lay Guardians. [No change in text]
Committee Note: (c)(1) This section allows a report to be submitted before any hearing, not only the disposition hearing.

RULE 8.600220. STYLE OF PLEADING AND ORDERS
[No change in text]

RULE 8.630225. PROCESS
(a) Summons and Subpoenas.
(1) Summons. Upon the filing of a dependency or termination of parental rights petition, the clerk shall issue a summons. The summons shall require the person on whom it is served to appear for a hearing at a time and place specified. Except in cases of medical emergency, the time of hearing shall not be less than twenty-four (24) hours after service of the summons. If the child is not detained by an order of the court, the summons shall require the custodian to produce the child at the said time and place. A copy of the petition shall be attached to the summons.
(2) Subpoenas. Upon the application of a party, the petitioner, or the state attorney, the clerk shall issue, and the court on its own motion may issue, subpoenas requiring attendance and testimony of witnesses and production of records, documents, or other tangible objects at any hearing. This section subdivision shall not in any way limit the state attorney's power to issue subpoenas.
(3) [No change]
(b) Service of Pleadings and Papers.
(1) Service, When Required. Unless the court orders otherwise, every pleading subsequent to the initial petition, every order, every written motion, unless it is one as to which hearing ex parte is authorized, and every written notice filed in the case shall be served on each party or the party's attorney, if one is appointed or retained, the state attorney's office, and the Department of Health and Rehabilitative Services; however, nothing herein shall be construed to require that a plea be in writing or that an application for witness subpoena be served.
(2) Service, How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made by delivering a copy to him the attorney or by mailing it to him at his the attorney's last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. If the party is not represented by an attorney, service of all pleadings or papers shall be upon the party. Delivery may be made by mail to the party's last known address or by leaving it at the party's usual place of abode with some person of the family above 15 years of age and informing such person of the contents thereof. Delivery of a copy within this rule shall mean:
(iA) Hhanding it to the attorney or party;
(iiB) Lleaving it at the attorney's office with the person in charge thereof;
(iiiC) Iif there is no one in charge of the office, leaving it in a conspicuous place therein; or
(ivD) Iif the office is closed or the person to serve has no office, leaving it at his or her usual place of abode with some person of his the family above fifteen 15 years of age and informing such person of the contents thereof.
(3) [No change]
(4) Filing with Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of the court except that the judge court may permit the papers to be filed with him it in which event he shall note thereon the filing *839 date shall be noted thereon and the papers shall be transmitted to the office of the clerk.
(5) [No change]
Committee Note: (b)(1) This change requires that the Department of Health and Rehabilitative Services and the state attorney's office receive notice of all pleadings to determine if their involvement as parties is required.

RULE 8.640230. PLEADINGS TO BE SIGNED
(a) Pleading to be Signed by Attorney. Every written paper or pleading of a party represented by an attorney shall be signed in his the attorney's individual name by such attorney, whose Florida Bar number, address, and telephone number, including area code, shall be stated, and who shall be duly licensed to practice law in Florida. He The attorney may be required by an order of court to vouch for his the authority to represent such party and to give the address of such party. Except when otherwise specifically provided by these rules or applicable statute, pleadings as such need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by him that he has read the paper or pleading has been read; that to the best of his the attorney's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading or paper is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or paper had not been served.
(b) Pleading to be Signed by Unrepresented Party. A party who has no attorney but who represents himself or herself shall sign his a written pleading or other paper and state his or her address and telephone number, including area code.

RULE 8.740235. RESPONSIVE PLEADINGS AND MOTIONS
(a) Motions in General. An application to the court for an order shall be made by motion which shall be in writing unless made during a hearing; shall be signed by the party making the motion or his by the party's attorney; shall state with particularity the grounds therefor; and shall set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in a written notice of the hearing of the motion.
(b) [No change]
(c) Motion to Sever. A motion may be made for a severance of two 2 or more counts of a multi-count petition, or for the severance of the cases of two 2 or more children alleged to be dependent in the same petition. The court may grant motions for severance of jointly-brought cases for good cause shown.

RULE 8.620240. COMPUTATION AND ENLARGEMENT OF TIME
(a) Computation. In computing any period of time prescribed or allowed by these rules, except Rrules 8.700300 and 8.710305, by order of court, or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not to be included. The last day of the period so computed shall be counted, unless it is Saturday, Sunday, or a legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday, nor a legal holiday. When the period of time prescribed or allowed shall be less than seven (7) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded infrom the computation.
(b), (c) [No change]
(1) Motions and Notice of Hearing. A copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof, shall be served a reasonable time before the time specified for the hearing.
(2) Additional Time After Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of notice or other paper upon him or her and the notice or paper is served upon him by mail, three (3) 5 days shall be added to the prescribed period.

RULE 8.770245. DISCOVERY
*840 (a) [No change]
(1) At any time after the filing of a petition alleging a child to be a dependent child, or a petition for termination of parental rights, on written demand of any party, the party to whom the demand is directed shall disclose to him and permit him to inspecting, copying, testing, or photograph-ing matters material to the cause.
(2), (iA) [No change in text]
(iiB) The statement as defined in this rule of any person furnished in compliance with the preceding paragraph. The term "statement" as used herein means a written statement made by said person and signed or otherwise adopted or approved by the person, or a stenographic, mechanical, electrical, or other recording, or a transcript thereof, or which is a substantially verbatim recital of an oral statement made by said person to an officer or agent of the state and recorded contemporaneously with the making of such oral statement. The court may prohibit any party from introducing in evidence the material not disclosed, so as to secure and maintain fairness in the just determination of the cause.
(iiiC) [No change in text]
(ivD) [No change in text]
(vE) [No change in text]
(3) The petitioner shall be entitled to reciprocal discovery but shall not be entitled to initiate discovery under this rule, and the court may, for good cause shown, deny or partially restrict the disclosures provided for discovery sought by subdivisions (a)(1) and (2) of this rule.
(4) The disclosures required by subdivision (a) of this rule shall be made within five (5) days from the receipt of the demand therefor.
(b), (1) [No change]
(2) Work Products. Disclosure shall not be required of legal research or of records, correspondence, or memoranda, to the extent that they contain the opinion, theories, or conclusions of the prosecuting or defense attorney or members of his their legal staff.
(3) Discovery shall be subject to constitutional limitations.
(c), (1) [No change]
(iA) At any time after the filing of the petition alleging a child to be dependent or a petition for termination of parental rights, any party may take the deposition upon oral examination of any person who may have information relevant to the allegations of the petition.
(iiB) The deposition shall be taken in a building where the adjudicatory hearing may be held, in such other place as agreed upon by the parties, or where the trial court may designate by special or general order. A resident of the state may be required to attend an examination only in the county wherein he or she resides, or is employed, or regularly transacts his business in person.
(2) Procedure.
(iA) The party taking the deposition shall give written notice to each other party. The notice shall state the time and place the deposition is to be taken and the name of each person to be examined.
(iiB) Upon application the court or its clerk shall issue subpoenas for the persons whose depositions are to be taken.
(iiiC) After notice to the parties the court, for good cause shown, may extend or shorten the time and may change the place of taking.
(ivD) Except as otherwise provided by this rule, the procedure for taking the deposition, including the scope of the examination, shall be the same as that provided by the Florida Rules of Civil Procedure.
(3) Use of Deposition. Any deposition taken pursuant hereto may be used at any hearing covered by these rules by any party for the following purposes:
(iA) [No change in text]
(iiB) [No change in text]
(ai) He or she is dead.
(bii) He or she is at a greater distance than one hundred (100) miles from the place of hearing, or is out of the state unless it appears that the absence of the *841 witness was procured by the party offering the deposition.
(ciii) [No change in text]
(div) He or she is unable to attend or testify because of age, illness, infirmity, or imprisonment.
(ev) It has been shown on application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used.
(fvi) [No change in text]
(4) Use of Part of Deposition. If only part of a deposition is offered in evidence by a party, an adverse party may require him the party to introduce any other part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts.
(5) Refusal to Obey Subpoena. A person who refuses to obey a subpoena served upon him the person for the taking of a deposition may be adjudged in contempt of the court from which the subpoena issued.
(6) Limitations on Use. Except as provided in section subdivision (3) above, no deposition shall be used or read in evidence when the attendance of the witness can be procured. If it shall appear to the court that any person whose deposition has been taken has absented himself or herself by procurement, inducements, or threats by or on behalf of any party, the deposition shall not be read in evidence on behalf of that party.
(d), (1) [No change]
(iA) Petition. A person who desires to perpetuate his the person's own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit court in the county of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show:
(ai) [No change in text]
(bii) the subject matter of the expected action and his the person's interest therein;
(ciii) the facts which he the person desires to establish by the proposed testimony and his the reasons for desiring to perpetuate it;
(div) the names or a description of the persons he expects will expected to be adverse parties and their names and addresses so far as known; and
(ev) the names and addresses of the persons to be examined and the substance of the testimony which he expects expected to be elicited from each and shall ask asking for an order authorizing the petitioner to take the deposition of the persons to be examined named in the petition for the purpose of perpetuating their testimony.
(iiB) Notice and Service. The petitioner shall thereafter serve a notice on each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court at a time and place therein for an order described in the petition. At least twenty 20 days before the date of the hearing, the notice shall be served either within or without the county in the manner provided by law for serving of summons but if such service cannot with due diligence be made on any expected adverse party named in the petition, the court may make an order for service by publication or otherwise, and shall appoint an attorney for persons not served in the manner provided by law for service of summons who shall represent them and, if they are not otherwise represented, shall cross-examine the deponent.
(iiiC) [No change in text]
(ivD) Use of Deposition. If a deposition to perpetuate testimony is taken under these rules, it may be used in any action involving the same subject matter subsequently brought in any court of Florida in accordance with the provisions of section subdivision (c)(3).
(2) Pending Appeal. If an appeal has been taken from a judgment of any court or before the taking of an appeal if the time therefor has not expired, the court in which the judgment was rendered may allow the taking of the depositions of witnesses *842 to perpetuate their testimony for use in the event of further proceedings in the court. In such case the party who desires to perpetuate the testimony may make a motion for leave to take the deposition upon the same notice and service as if the action was were pending in the court. The motion shall show (i) the names and addresses of persons to be examined and the substance of the testimony which he expects to elicit expected to be elicited from each and (ii) the reasons for perpetuating the testimony. If the court finds that the perpetuation is proper to avoid a failure or delay in justice, it may make orders of the character provided for by this rule and thereupon the deposition may be taken and used in the same manner and under the same conditions as are prescribed in these rules for depositions taken in actions pending in the court.
(3) [No change]
(e) [No change]
(f) Supplemental Discovery. If, subsequent to compliance with these rules, a party discovers additional witnesses, evidence, or material which he the party would have been under a duty to disclose or produce at the time of such previous compliance, he the party shall promptly disclose or produce such witnesses, evidence, or material in the same manner as required under these rules for initial discovery.
(g), (1) [No change]
(iA) [No change in text]
(iiB) [No change in text]
(iiiC) [No change in text]
(ivD) prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed; or
(vE) [No change in text]
(2) [No change]
Committee Note: (a)(1) Termination of parental rights proceedings have been added to discovery procedures.

RULE 8.7508.250. EXAMINATIONS, EVALUATION, AND TREATMENT
(a) [No change]
(b) Parent, Guardian, or Other Person Requesting Custody. At any time after the filing of a dependency or termination of parental rights petition, when the mental or physical condition, including the blood group, of a parent, guardian, or other person requesting custody of a child is in controversy, any party may request the court may to order the person to submit to a physical or mental examination by a qualified professional. The order may be made only on good cause shown and on after notice to the person to be examined and to all parties and shall specify the time, place, manner, condition, and scope of the examination and the person or persons by whom it is to be made. The person whose examination is sought may, after receiving notice of the request for an examination, request a hearing seeking to quash the request. The court may, on its own motion, or the motion of any party order a parent, guardian, or other person requesting custody to undergo such evaluation, treatment, or counseling activities as authorized by law.
Committee Note: This rule allows any party to request an evaluation but provides a mechanism for a hearing to quash the request.

RULE 8.6108.255. GENERAL PROVISIONS FOR HEARINGS
(a) [No change]
(b) Presence of Child. The child shall be has a right to be present at the hearing unless excused by the court or the court finds that the child's mental or physical condition or age is such that a court appearance is not in the best interest of the child. Any party may file a motion to require or excuse the presence of the child.
(c) In camera Proceedings. The child may be examined by the court outside the presence of other parties under circumstances as provided by law. The court shall assure that the proceedings are recorded unless otherwise stipulated by the parties.
(c) Examination of Child; Special Protections.
(1) Testimony by Child. A child may be called to testify in open court by any party *843 to the proceeding, or the court, and may be examined or cross-examined as any other witness.
(2) In-camera Examination.
(A) Upon motion and hearing in camera and upon a finding that there is a substantial likelihood that the child will suffer at least moderate emotional or mental harm if required to testify in open court or that such child is unavailable as defined in section 90.804(1), Florida Statutes, the trial court may order that the testimony of a child under age 16 who is a victim or witness be taken outside of the courtroom and shown by means of closed circuit television.
(B) The motion may be filed by any party or the trial court on the court's own motion.
(C) Only the judge, the petitioner's attorney, the state's attorney, the parent, the attorney for the parent, the operators of the videotape equipment, an interpreter, and some other person who, in the opinion of the court, contributes to the well-being of the child and who will not be a witness in the case may be in the room during testimony.
(D) During the child's testimony by closed circuit television, the court may require the parent or custodian to view the testimony from the courtroom or other location. In such case, the court shall permit the parent or custodian to observe and hear the testimony of the child, but shall ensure that the child cannot hear or see the parent or custodian. The court and the persons in the room where the child is testifying may communicate by any appropriate electronic method.
(E) The court shall make specific written findings of fact, on the record, as to the basis for its ruling under this rule.
(3) Unavailability of Child. If a child is unavailable to be present to testify in open court or through the use of closed circuit television, on motion and hearing in camera and upon a finding of such unavailability, the court may order the videotaping of the testimony of the child. The court and the parties shall follow all the measures set out in subdivision (2).
(d)  (g) [No change]
(h) Masters. Pursuant to Florida Rule of Civil Procedure 1.490, both general and special masters may be appointed to hear issues involved in proceedings under this part.
Committee Note: (b) This change allows a child to be present instead of mandating the child's presence when the child's presence would not be in his or her best interest. The court is given the discretion to determine the need for the child to be present.

RULE 8.6508.260. ORDERS
All orders of the court shall be reduced to writing as soon after they are entered as is consistent with orderly procedure and shall contain specific findings of fact and conclusions of law as required by law.

RULE 8.8208.265. MOTION FOR REHEARING
(a) Basis. After the court has entered an order of adjudication or an order withholding adjudication or an order of disposition, following an adjudicatory hearing, a termination of parental rights hearing, a disposition hearing, or a review hearing when the court has made a finding that the parents have substantially complied with the performance agreement, any party may move for rehearing upon one or more of the following grounds:
(1)  (6) [No change]
(b) [No change]
(1) A motion for rehearing may be made and ruled upon immediately after the court announces its judgment but must be made within ten (10) days of the entry of the order.
(2), (3) [No change]
(c), (1) [No change]
(2) The court on its own initiative may vacate or modify any order within the time limitation provided in subdivision (b) above.

RULE 8.8308.270. RELIEF FROM JUDGMENTS OR ORDERS
(a) [No change]
(b) Extraordinary Relief. On motion and upon such terms as are just, the court may *844 relieve a party or his the party's legal representative from an order, judgment, or proceeding for the following reasons:
(1) Mistake, inadvertence, surprise, or excusable neglect;.
(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for rehearing;.
(3) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of any other party; or.
(4) That the order or judgment or any part thereof is void.
The motion shall be made within a reasonable time and for reasons (1), (2), and (3) not more than one 1 year after the judgment, order, or proceeding was taken.
(c) Limitation. After the court loses jurisdiction of the cause, as provided by law, a motion for relief of judgment or order under subdivision (b) shall not be heard.

RULE 8.8408.275. SUPERSEDEAS ON APPEAL
(a) Permanent Commitment Termination of Parental Rights. The taking of an appeal shall operate as a supersedeas in cases involving a petition for permanent commitment to a licensed child placing agency or any agency of the Department of Health and Rehabilitation Services for subsequent adoption termination of parental rights, but the child shall continue in the custody of the agency under the order until the appeal is decided.
(b) Other Cases. In all other cases the taking of an appeal shall not operate as a supersedeas, but the court in considering the welfare and best interest of the child may grant a supersedeas in its discretion on such conditions, with or without bond as it may fix determine are appropriate.
(c) [No change]

RULE 8.8508.280. DISQUALIFICATION OF JUDGE
[No change in text]

RULE 8.8608.285. DIRECT CONTEMPT
(a) Direct Contempt. A contempt may be punished summarily if the court saw or heard the conduct constituting the contempt committed in the actual presence of the court. The judgment of guilt of contempt shall include a recital of those facts upon which the adjudication of guilt is based. Prior to the adjudication of guilt the judge court shall inform the person accused of the accusation against him and inquire as to whether he has there is any cause to show why he or she should not be adjudged guilty of contempt by the court and sentenced therefor. The accused shall be given the opportunity to present evidence of excusing or mitigating circumstances. The judgment shall be signed by the judge court and entered of record. Sentence shall be pronounced in open court.

RULE 8.870. INDIRECT CONTEMPT
(b) Indirect Contempt. An indirect contempt shall be prosecuted in the following manner:
(a)(1) Order to Show Cause. The judge court on his its own motion or upon affidavit of any person having knowledge of the facts may issue and sign an order directed to the one accused of contempt, stating the essential facts constituting the contempt charged and requiring him the accused to appear before the court to show cause why he or she should not be held in contempt of court. The order shall specify the time and place of the hearing, with a reasonable time allowed for the preparation of a defense after service of the order on the one accused. It shall be served in the same manner as a summons. Nothing herein shall be construed to prevent the one accused of contempt from waiving the service of process.
(b)(2) Motions; Answer. The accused, personally or by counsel, may move to dismiss the order to show cause, move for a statement of particulars, or answer such order by way of explanation or defense. All motions and the answer shall be in writing unless specified otherwise by the judge court. The accused's omission to file a motion or answer shall not be deemed an admission of guilt of the contempt charged.
(c)(3) Order of Arrest; Bail. The judge court may issue an order of arrest of the one accused of contempt if the judge court has reason to believe he the accused will *845 not appear in response to the order to show cause. The accused shall be entitled to bail in the manner provided by law in criminal cases.
(d)(4) Arraignment; Hearing. The accused may be arraigned at the hearing, or prior thereto upon his request. A hearing to determine the guilt or innocence of the accused shall follow a plea of not guilty. The judge court may conduct a hearing without assistance of counsel or may be assisted by the state attorney or by an attorney appointed for the purpose. The accused is entitled to be represented by counsel, have compulsory process for the attendance of witnesses, and may testify in his or her own defense. All issues of law and fact shall be determined by the judge court.
(e)(5) Disqualification of the Judge. If the contempt charged involves disrespect to or criticism of a judge, he the judge shall be disqualified by the Cchief Jjudge of the circuit.
(f)(6) Verdict; Judgment. At the conclusion of the hearing the judge court shall sign and enter of record a judgment of guilty or not guilty. There should be included in a judgment of guilty a recital of the facts constituting the contempt of which the defendant accused has been found and adjudicated guilty.
(g)(7) The Sentence. Prior to the pronouncement of sentence the judge court shall inform the defendant accused of the accusation and judgment against him or her and inquire as to whether he has there is any cause to show why sentence should not be pronounced. The accused shall be afforded the opportunity to present evidence of mitigating circumstances. The sentence shall be pronounced in open court and in the presence of the one found guilty of contempt.

B. DEPENDENCY PROCEEDINGS

RULE 8.7008.300. TAKING INTO CUSTODY
(a), (1) [No change]
(2) specify the name, address, and sex of the child or, if unknown, designate him the child by any name or description by which he or she can be identified with reasonable certainty;
(3) specify that the child is of an age subject to the jurisdiction of the court; and
(4) [No change]
(b) Criteria for Order. The court may issue an order to take a child into custody based on sworn testimony meeting the criteria set forth in Rule 8.700 subdivision (a).
(c), (1) [No change]
(2) specify the name, address, and sex of the child or, if unknown, designate him the child by any name or description by which he or she can be identified with reasonable certainty;
(3), (4) [No change]
(5) order that the child be detained in a suitable place pending a detention hearing as provided by law; and
(6) state the date when issued, and the county and court where issued.
(d) Notification of Right to Attend Detention Hearing. Upon the execution of the order, the parents or custodian shall be notified in writing of their right to appear before the court for a detention hearing which shall be held within 24 hours, with or without counsel on the question of the child's detention at a time and place designated in the notice.

RULE 8.7108.305. SHELTER DETENTION PETITION, HEARING, AND ORDER
(a) Shelter Detention Petition. If a child is to be placed in a shelter after being taken into custody for a period longer than twenty four 24 hours, the person requesting placement shall file a written petition which shall:
(1) specify the name, address, and sex of the child or, if unknown, designate him the child by any name or description by which he or she can be identified with reasonable certainty.;
(2) specify that the child is of an age subject to the jurisdiction of the court.;
(3) state the reasons why the child needs to be placed in a shelter.;
*846 (4) recommend where the child is to be placed or the agency to be responsible for placement,; and
(5) be signed by the petitioner and, if represented by counsel, by his the petitioner's attorney.
(b) Shelter Detention Hearing.
(1)  (4) [No change]
(5) The court may base its determination on sworn complaint, testimony, or affidavit; and may hear relevant and material evidence, including oral and written reports, to the extent of its probative value even though it would not be competent at an adjudicatory hearing.
(6) The court shall advise the parent or custodian of:
(iA) the right to be represented by counsel as provided by law;
(iiB) the reason for the child being in custody and why continued placement is requested.; and
(iiiC) the right to present placement alternatives.
(c) Shelter Detention Order. (2) The order shall be in writing and shall:
(1) The court shall not proceed with entry of a shelter order in the absence of the parent or legal custodian except for good cause shown. Absence of the parent or legal custodian shall not invalidate the proceedings or the order after the court has made such a finding.
(i)(1) state the name, age, and sex of the child and, if his the child's age is unknown, that he or she is believed to be of an age which makes him subject to the jurisdiction of the court;.
(ii)(2) include findings that probable cause to believe the child is dependent exists and that the criteria provided by law for continued placement of the child have been met. If the court finds that such probable cause does not exist, it shall forthwith release the child from shelter care. If the court finds that one or more of the statutory criteria for placement exists, but is unable to make a finding on the existence of probable cause, it may retain the child in shelter care and continue the hearing for the purpose of determining the existence of probable cause to a time within 72 hours of the time the child was taken into custody. The court may, on a showing of good cause, continue the hearing a second time for not more than 24 hours beyond the 72-hour period. Release of the child based on no probable cause existing shall not prohibit the filing of a petition and further proceedings thereunder, but shall prohibit the holding of the child in shelter care prior to the adjudicatory hearing;.
(iii)(3) designate the place where the child is to be placed or the person or agency that will be responsible for his the child's placement along with any special conditions found to be necessary;.
(iv)(4) state the date and time where issued.
(v)(5) state whether the child may be released from shelter at the discretion of the Department of Health and Rehabilitative Services.
(d) Release from Shelter Care. No child shall be released from shelter after a shelter detention order has been entered except on order of the court unless the shelter detention order authorized release by the Department of Health and Rehabilitative Services.

RULE 8.7208.310. DEPENDENCY PETITIONS
(a) Contents of Petition.
(1) A dependency petition may be filed as provided by law. Each petition shall be entitled a petition for dependency and shall allege sufficient facts showing the child to be dependent based upon applicable law.
(2) [No change]
(3) The petition shall identify the age, sex, and name of the child. Two or more children may be the subject of the same petition.
(4) [No change]
(5) Upon the filing of a petition, the clerk's office shall forward the petition to the Sstate Aattorney or his designate. In the case of child abuse, where the petition is filed by a person who is not an attorney, *847 the Sstate Aattorney or his designate shall review the petition for legal sufficiency or otherwise be available to assist the petitioner in preparation of the technical aspects of the petition. Nothing in this section subdivision shall interfere with the right or decision of any person to file a petition alleging dependency.
(b) Verification. The petition shall be signed by the state attorney, assistant state attorney, or other petitioner, stating under oath his the signer's good faith in filing the petition. No objection to a petition on the grounds that it was not signed or verified, as herein provided, shall be entertained after a plea to the merits.
(c) Amendments. At any time prior to the conclusion of an adjudicatory hearing, an amended petition may be filed or the petition may be amended by motion; however, after a written answer or plan has been filed, amendments shall be permitted only with the permission of the court, unless all parties consent. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance may be granted upon motion and a showing that the amendment prejudices or materially affects any party.
(d) Defects and Variances. No petition or any count thereof shall be dismissed, or any judgment vacated, on account of any defect in the form of the petition or of misjoinder of counts. If the court is of the opinion that the petition is so vague, indistinct, and indefinite as to mislead the child, parent, or custodian and prejudice any of them in the preparation of a defense, the petitioner may be required to furnish a more definite statement.
(e) Voluntary Dismissal. At any time prior to entry of an order of adjudication, the petition for dependency may be voluntarily dismissed by petitioner without leave of the court by serving a notice of dismissal on all parties, or if during a hearing, by so stating on the record. The petitioner without leave of the court, at any time prior to entry of an order of adjudication, may request a voluntary dismissal of the petition by serving a notice requesting dismissal on all parties or, if during a hearing, by so stating on the record. The petition shall be dismissed and the court loses jurisdiction unless another party adopts the petition within 48 hours. Unless otherwise stated, the dismissal shall be without prejudice.
(f) Involuntary Dismissal. If an adjudicatory hearing is not begun within 180 days of the date the child was taken into custody or the date the petition was filed, whichever occurs first, the petition for dependency shall be dismissed with prejudice on motion and hearing. The court may extend the period of time established by this rule on motion of any party, after hearing on a finding that the interest of justice will be served by such extension. The order granting the extension shall be in writing and shall state the reasons for the extension. The general congestion of the court's docket, lack of diligent preparation, failure to obtain available witnesses, or other avoidable or foreseeable delays shall not constitute grounds for an extension.
Committee Note: (c) The time limit for amending a petition has been extended to be consistent with civil pleading procedures. The best interest of the child requires liberal amendments. The procedures for determining if a party has been prejudiced have not been changed.
(e) This section has been reworded to provide a procedure for notice to all parties before dismissal and to allow adoption of a petition by another party.

RULE 8.7308.315. ANSWERS; ARRAIGNMENTS AND PRE-HEARING PREHEARING CONFERENCES
(a) Answers. The parent or custodian of the child may enter an oral or written answer to the petition or remain silent. If the parent or custodian remains silent or pleads evasively, the court shall enter a denial of dependency. The court shall determine that any admission or consent to finding of dependency is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of such admission or consent, and that the parent or custodian has been advised of the right to be represented by *848 counsel. The court shall incorporate these findings into its order in addition to findings of fact specifying the act or acts of dependency, by whom committed and facts upon which the findings are based. If the answer admits the allegations of the petition it shall constitute consent to a predisposition study.
(b)(a) Arraignment. Prior to the adjudicatory hearing the court may shall conduct a hearing to determine whether an admission, consent, or denial to the petition shall be entered and whether the parties are represented by counsel or are entitled to appointed counsel as provided by law. If an admission or consent is entered, the court shall proceed as set forth in Rrule 8.7808.340. If a denial is entered, the court shall set an adjudicatory hearing within the period of time provided by law or grant a continuance as provided by law and appoint counsel when required.
(c)(b) Withdrawal of Plea. The court may at any time prior to the beginning of a disposition hearing permit an admission of the allegations of the petition to be withdrawn, and, if an adjudication has been entered thereon, set aside such adjudication. In the subsequent adjudicatory hearing the court shall disregard an admission that has been withdrawn.
(d)(c) Pre-Hearing Prehearing Conference. Prior to the conduct of any adjudicatory hearing the court may set or the parties may request that a pre-hearing prehearing conference be held to determine the order in which each party may present witnesses or evidence and the order in which cross-examination and argument shall occur. The court may also enter findings on the record of any stipulations entered into by the parties, and consider any other matters which may aid in the conduct of the adjudicatory hearing.
(d) Status Hearing. Within 30 days of the filing of the petition a status hearing shall be held with all parties present unless an adjudicatory hearing has commenced. Subsequent status hearings shall be held every 30 days thereafter unless an adjudicatory hearing has commenced.
Committee Note: (d) This section requires a status hearing every 30 days to ensure prompt resolution of the case while preserving the rights of all parties.

RULE 8.5608.320. PROVIDING COUNSEL TO PARTIES
(a) [No change]
(1) At each stage of the dependency proceeding the court shall advise the parent, guardian, or custodian of their right to have counsel present.
(2) The court may and upon request shall appoint counsel to insolvent persons who are so entitled as provided by law.
(3) The court shall ascertain whether the right to counsel is understood and where appropriate, knowingly and intelligently waived. The court shall enter its findings in writing with respect to the appointment or waiver of counsel for insolvent parties as aforementioned.
(2) The court may appoint an attorney for the parent, guardian or custodian of a child, as provided by law.
(b) [No change]
(1) No waiver of counsel shall be accepted where it appears that the party is unable to make an intelligent and understanding choice because of his age, education, experience, the nature of complexity of the case, or other factors.
(2) A waiver of counsel made in court shall be of record. A waiver made out of court shall be in writing with not less than two attesting witnesses, and shall be filed with the court. Said witnesses shall attest the voluntary execution thereof. The court shall question the party insufficient detail to ascertain that the waiver is made knowingly, intelligently, and voluntarily.
(3) [No change]

RULE 8.325. ANSWERS AND PLEADINGS
(a) No Answer Required. No written answer to the petition need be filed by the parent or custodian. The parent or custodian of the child may enter an oral or written answer to the petition or remain silent.
(b) Denial of Allegations. If the parent or custodian denies the allegations of the *849 petition or remains silent or pleads evasively, the court shall enter a denial of dependency and shall set the case for an adjudicatory hearing.
(c) Admission of or Consent to Dependency. The parent or custodian may admit or consent to a finding of dependency. The court shall determine that any admission or consent to a finding of dependency is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of such admission or consent and that the parent or custodian has been advised of the right to be represented by counsel. The court shall incorporate these findings into its order in addition to findings of fact specifying the act or acts causing dependency, by whom committed, and facts upon which the findings are based. If the answer admits the allegations of the petition it shall constitute consent to a predisposition study.

RULE 8.760. PLANS AND STIPULATIONS
[Delete entire rule]

RULE 8.7808.330. ADJUDICATORY HEARINGS
(a) Hearing by Judge. The adjudicatory hearing shall be conducted by the judge without a jury utilizing the rules of evidence. At this hearing the court shall determine whether the allegations of the dependency petition have been sustained by a preponderance of the evidence. If the court is of the opinion that the allegations are sustained by clear and convincing evidence, it may enter an order so stating.
(b) Examination of Witnesses. Any A party shall have the right to examine the witnesses may call any person as a witness. A party shall have the right to examine or cross-examine all witnesses. No party shall be excluded from the hearing unless so ordered by the court for disruptive behavior.
(c) Right Against Self Incrimination, Child. The child shall not be required to give testimony that may tend to incriminate him in any criminal matter.
(d) Right Against Self Incrimination, Parent or Custodian. The parents or custodians shall, if they so elect, be sworn and may testify in their own behalf. In such cases they shall be warned that anything they say may be used against them at a subsequent criminal trial. They may be cross examined as other witnesses.
(c) Presence of Parties. All parties have the right to be present at all hearings. No party shall be excluded from any hearing unless so ordered by the court for disruptive behavior or as provided by law.
(c)(d) Joint and Separate Hearings. When two 2 or more children are alleged to be dependent children, the hearing may be held simultaneously when the several children involved are related to each other or involved in the same case, unless the court orders separate hearings.
(f)(e) [No change in text]
(g)(f) [No change in text]
(h) [Text moved to rule 8.335]
(i)(g) Findings and Orders. In all cases the court shall enter a written order stating the legal basis for a finding of dependency, specifying the facts upon which the finding of dependency is based, and stating whether the court made the finding by a preponderance of the evidence or by clear and convincing evidence.
Committee Note: (a) This change gives the court the option of making a finding based on a higher burden of proof to eliminate the need for a repetitive hearing on the same evidence if a termination of parental rights petition is filed.

RULE 8.780(h)8.335. ALTERNATIVES PENDING DISPOSITION
(h) Alternatives Pending Disposition. If the court finds that the evidence supports the allegations of the petition, it may make a finding of dependency as provided by law. If the predisposition and other reports required by law are available, the court may proceed to disposition or continue the case for a disposition hearing. If the case is continued, the court may refer the case to appropriate agencies for additional study and recommendation. The court may order the child continued in placement, designate the place of detention placement or the agency that will be responsible *850 for his the child's placement, and enter such other orders deemed necessary to protect the health, safety, and well-being of the child, including diagnosis, evaluation, treatment, and visitation.

RULE 8.7908.340. DISPOSITION HEARINGS
(a), (b) [No change]
(c) Treatment Plans. At any time after adjudication, any party may submit a plan of proposed treatment, training, or conduct. The Department of Health and Rehabilitative Services shall be the supervising agency unless the court appoints another agency or person.
(1) The plan must be in writing and shall be agreed to and signed in all cases by the parents or custodians, and, when represented, by their counsel; whenever possible, by the child, the guardian ad litem, and the child's counsel. The authorized agent of the department shall indicate whether they recommend the acceptance of the plan is recommended.
(2) The court shall conduct a hearing on acceptance of the plan, which may be waived by oral or written stipulation of all parties and the supervising agency. The court shall provide an opportunity for all parties to be heard on contested issues, may accept or reject the plan or any parts thereof, and shall enter a written order.
(3) Violations of the conditions of the plan shall be presented to the court by a motion alleging a violation during the pendency of the plan. If the court, after hearing, finds a violation has occurred, it may take such action as is appropriate to enforce the plan, to modify the plan by supplemental agreement, or to set aside the plan.
(4) [No change]
(d) Orders of Disposition. The court shall in its written order of disposition include:
(1), (2) [No change]
(3) evaluation, counseling, treatment activities, and other actions to be taken by the parties, where ordered;
(4) [No change]
(5) period of time or date for subsequent case review where required by law; and
(6) such other requirements deemed necessary to protect the health, safety, and well-being of the child.

RULE 8.800345. POSTDISPOSITION RELIEF
(a) Motion for Modification of Placement. A child who has been placed in his or her own home, in the home of a relative, or in some other place, under the supervision of the Department of Health and Rehabilitative Services, may be brought before the court by the parent, guardian, or any interested person on a motion for modification of placement. The court shall conduct a hearing and thereafter enter an order changing the placement, modifying the conditions of placement, continuing placement as previously ordered, or placing the child with the Ddepartment or a licensed child-caring agency.
(b) [No change]
(c) [Text moved to rule 8.400]
(d) [Text moved to rule 8.415]

C. FOSTER CARE

RULE 8.800(c)400. PERFORMANCE AGREEMENTS
(a) Performance Agreements. Within 30 days after placement of a child in foster care the department shall do one of the following:
(1) fFile with the court a performance agreement signed by the parties involved, which shall include but not be limited to the attorney representing the department, the department counselor, the parent(s), counsel for the parent, if represented, and the guardian ad litem; or.
(2) sSubmit a motion requesting an extension of the time for filing the performance agreement for a period of not more than 30 days; however, this shall not preclude a party or any other agency or person participating in the preparation of the performance agreement from filing the motion.
(iA) Service. A copy of the motion and notice of hearing shall be served on the *851 parties and participants involved in the preparation of the performance agreement.
(iiB) Hearing. The court shall hear all parties present, in person, by counsel, or both. The department at all times, however, shall be represented by an attorney. Only one 30-day extension may be granted upon a showing of good cause; or.
(3) sSubmit a motion for review of a plan for permanent placement to which a copy of the proposed plan shall be attached. In the event that such a motion and plan are submitted because the parents will not or cannot participate in the preparation of the performance agreement, the motion shall contain a full explanation of circumstances preventing the parents from participating. In the event that the motion and plan are being submitted due to inability of the parents and the department to concur in all or any portion of the performance agreement, the motion shall contain an explanation of the nature of the disagreement.
(i) Service. The motion, proposed plan, and notice of hearing shall be served on the parties and participants in the preparation of the performance agreement.
(ii) Hearing. The court shall hear all parties present, in person, by counsel, or both. The department, at all times, however, shall be presented by an attorney. After such hearing, the court shall order the department to submit the plan for permanent placement, but may, in its discretion, issue a protective order modifying, deleting, or adding to the requirements included in the plan for permanent placement.
(b) Amendments. The performance agreement may be amended by:
(1) the parties at any time provided agreement is unanimous by all parties, but any revised agreement must be filed with the court which may convene a hearing on the revisions after notice to all parties; or
(2) the court upon motion of a party after notice to all other parties.

RULE 8.405. PERMANENT PLACEMENT PLANS
If the parents, legal guardian, or custodian are unable or unwilling to participate in the preparation of a performance agreement, the department shall submit a plan for permanent placement. In the event that such a plan is submitted because the parents will not or cannot participate in the preparation of the performance agreement, the plan or supporting documents shall contain a full explanation of the circumstances preventing the parents from participating. In the event that the plan is being submitted due to the inability of the parents and the department to concur in all or any portion of the performance agreement, the plan or supporting documents shall contain an explanation of the nature of the disagreement.
(a) Service. The motion, proposed plan, and notice of hearing shall be served on the parties and participants in the preparation of the performance agreement.
(b) Hearing. The court shall hear all parties present, in person, by counsel, or both. After such hearing, the court shall order the department to submit the plan for permanent placement, but may, in its discretion, issue a protective order modifying, deleting, or adding to the requirements included in the plan for permanent placement.
Committee Note: This new rule provides a procedure for permanent placement plans consistent with law. Sections on service and hearing were taken from old rule 8.800.

RULE 8.410. JUDICIAL REVIEW OF INITIAL PERFORMANCE AGREEMENT OR PERMANENT PLACEMENT PLAN
(a) Hearing. Upon receipt of the performance agreement or permanent placement plan, the court shall set, within 45 days, a hearing to review the contents of the agreement or plan. Notice of the review hearing will be served on all parties and/or their counsel.
(b) Determinations by Court. At the hearing, the court shall determine if:
(1) The agreement or plan is consistent with the previous findings and orders of the court placing the child in care.
(2) The agreement or plan is consistent with the requirements for the content of a *852 performance agreement or permanent placement plan as provided by law.
(3) The parents were advised of their right to have counsel present at all prior hearings and the parents, guardian, or custodian were advised of their right to have counsel or any other person assist in the preparation of the performance agreement.
(4) The performance agreement is meaningful and designed to address the facts, circumstances, and problems upon which the court based its order of dependency for the child; particularly, if the parents, guardian, or custodian have the ability to perform the tasks assigned to them and that the social service agency can provide the assistance necessary to the parents to reunite the family.
(5) The permanent placement plan adequately addresses the goals and needs of the child and complies with all the requirements for a performance agreement.
(c) Court Action. After the hearing:
(1) If the court determines that the requirements for the performance agreement have not been met, it may order the parties to make amendments to the agreement. The amended plan shall be submitted to the court for another hearing and approval. If the parties do not agree on the final terms, the court shall order those conditions and tasks it believes the parents, guardian, or custodian must accomplish for the return of the child. In addition, the court may order the department to provide those services necessary to assist in the efforts to reunify the family.
(2) If the court finds that the proposal of a permanent placement plan was not warranted, it can order the preparation of a performance agreement. The ordered performance agreement will then be reviewed according to these rules and as provided by law.
(d) Entry of Findings. The court shall enter its findings with respect to the review of the performance agreement or permanent placement plan in writing and make specific findings on each element required by law to be included in a performance agreement or permanent placement plan.
(e) Review Hearing. The court will set a hearing to review the performance of the parties to the performance agreement 6 months from the date of approval.
Committee Note: This rule provides for judicial review of performance agreements and permanent placement plans consistent with law. It requires a hearing within 45 days, lists the criteria the court must consider in reviewing the agreement or plan, and provides procedures following the hearing.

RULE 8.800(d)8.415. FOSTER CARE REVIEW IN DEPENDENCY CASES. JUDICIAL REVIEW OF CHILDREN IN FOSTER CARE
Children in foster care shall have their status reviewed as provided by law.
(1)(a) Scheduling Hearings.
(i)(1) If the child is placed in foster care pursuant to a court order at a disposition hearing, the court shall determine when the first review hearing shall be held and the clerk of the court shall immediately schedule the review hearing. In no case shall the hearing be scheduled for later than six 6 months from the date of placement.
(ii)(2) In all other cases where a child is in foster care, proceedings for judicial review shall be initiated by the filing of a supplemental petition for judicial review by the Department of Health and Rehabilitative Services. Upon filing of said petition, the clerk of the court shall immediately schedule the review hearing.
(2)(b) Petition and Report.
(i)(1) Petition. In all cases, including those in which a foster care review hearing has already been scheduled by the court or Cclerk of Court, the department shall prepare a petition to which a copy of the report shall be attached. The petition shall allege facts showing the court to have jurisdiction of the cause as a dependency case. It shall contain allegations as to the identity and residence of the parent and custodian, if known, the dates of the original dependency adjudication and any subsequent judicial review proceedings, and a *853 request for one of the following forms of relief:
(a)(A) That the child be continued in foster care;.
(b)u(B) That the child be placed in the custody of a parent, guardian, relative, or former custodian;.
(c)C) That the child be placed in the custody of a relative, guardian, or other custodian willing to care for the child;.
(d)(D) That the performance agreement be continued to permit the parents, guardian, custodian, or social service agency time to complete the tasks assigned to them in the agreement.
(e)(E) That proceedings be instituted to terminate parental rights and legally free the child for adoption.
(ii)(2) Report. The Ddepartment shall prepare a report, as required by law. Said report shall be signed by the attorney representing the Ddepartment of Health and Rehabilitative Services.
(3)(c) Service. A copy of the petition, report, and recommendations and a notice of review hearing shall be served on all persons who are required by law to be served prior to the judicial review hearing.
(4)(d) Court Action.
(1) The court shall hold a hearing to review the compliance of the parties with the performance agreement to determine what assigned tasks were and were not accomplished and the reasons for their nonachievement.
(i)(2) If the court finds that the parents have substantially complied with the performance agreement, the court shall return the child to the custody of the natural parents on expiration of the performance agreement.
(ii)(3) If the court finds the social service agency has not complied with its obligations, the court may find the social service agency to be in contempt, shall order the social service agency to submit its plan for compliance with the agreement, and shall require the social service agency to show why the child should not be returned immediately to the home of his the parents or legal guardian. If the court finds that the child should not be returned immediately to his the natural parents or legal guardian, it shall extend the performance agreement for a period of not more than six 6 months to allow the social service agency to comply with its obligations under the performance agreement.
(iii)(4) If, at the expiration of the performance agreement, the court finds that the parents have not substantially complied with the performance agreement and the child is not returned to the physical custody of his the natural parents, the court shall order the social service agency shall to initiate permanent commitment proceedings unless the court finds that such would not be in the child's best interests or unless the court finds by clear and convincing proof that the situation of the child is so extraordinary that the performance agreement should be extended a termination of parental rights proceeding. If the court finds that an order initiating a termination of parental rights proceeding would not be in the child's best interests; that the parents in good faith attempted to comply with the terms of the agreement but need more time to accomplish their assigned tasks and believes the parents will accomplish them; or, by clear and convincing proof, that the situation of the child is so extraordinary that the performance agreement should be extended, the court may extend the time limitation for the performance agreement or modify the terms of the agreement. No agreement shall be extended for a period longer than six 6 months, except that the court may extend the agreement for twelve 12 months if the child is 13 years of age or older. At the expiration of the extended agreement, the court shall again review the child's status.
(iv)(5) When a child is returned to the natural parents, the court shall not terminate its jurisdiction over the child until six months after the return. Based on a report of the department and any other relevant factors, the court shall then determine whether the jurisdiction should be continued or terminated; if its jurisdiction is to *854 be terminated, it shall enter an order to that effect.
(v)(6) When a child has not been returned to the natural parent, but has been permanently committed to the Ddepartment of Health and Rehabilitative Services or to a licensed child-placing agency willing to receive the child for subsequent adoption, the court shall continue to hold judicial review hearings on the status of the child at least annually. Such hearings shall be held in accordance with these rules.
(7) The court shall enter a written order upon the conclusion of the review hearing including a statement of the facts, those findings it was directed to determine by law, and a determination of the future course of the proceedings.
Committee Note: The rule allows for certain forms of relief pertinent to foster care review. It allows the court to order commencement of a termination of parental rights proceeding if the parents are not in compliance. The court also is permitted to extend or modify the plan.

RULE 8.810. PERMANENT COMMITMENT
[Delete entire rule]

D. TERMINATION OF PARENTAL RIGHTS

RULE 8.500. PETITION
(a) Initiation of Proceedings. All proceedings seeking the termination of parental rights to a child shall be initiated by the filing of an original petition in the pending dependency action, if any.
(b) Contents.
(1) A petition may be filed by the department or any person having knowledge of the facts. Each petition shall be entitled a petition for termination of parental rights.
(2) The petition shall contain allegations as to the identity and residence of the parents and custodians if known.
(3) The petition shall identify the age, sex, and name of the child. Two or more children may be the subject of the same petition.
(4) When required by law, the petition shall contain a showing that the parents were offered a performance agreement or permanent placement plan and did not substantially comply with it.
(5) The petition shall have a certified copy of the birth certificate of each child named in it attached unless the petitioner, after diligent search and inquiry, is unable to produce it, in which case the petition shall state the date and place of birth of each child, unless these matters cannot be ascertained after diligent search and inquiry or for other good cause.
(c) Verification. The petition shall be signed under oath stating the good faith of the petitioner in filing it. No objection to a petition on the grounds that it was not signed or verified, as herein provided, shall be entertained after a plea to the merits.
(d) Amendments. At any time before the conclusion of an adjudicatory hearing, an amended petition may be filed or the petition may be amended by motion; however, after a written answer has been filed or the adjudicatory hearing has commenced, amendments shall be permitted only with the permission of the court unless all parties consent. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance shall be granted upon motion and a showing that the amendment prejudices or materially affects any party.
(e) Defects and Variances. No petition or any count thereof shall be dismissed, or any judgment vacated, on account of any defect in the form of the petition or of misjoinder of counts. If the court is of the opinion that the petition is so vague, indistinct, and indefinite as to mislead the child, parent, or custodian and prejudice any of them in the preparation of a defense, the petitioner will be required to furnish a more definite statement.
(f) Voluntary Dismissal. The petitioner, without leave of the court, at any time before entry of an order of adjudication, may request a voluntary dismissal of the petition by serving a notice of request of dismissal on all parties or, if during a hearing, *855 by so stating on the record. The petition shall be dismissed and the court loses jurisdiction unless another party adopts the petition within 48 hours. Unless otherwise stated, the dismissal shall be without prejudice.
(g) Parental Consent.
(1) The parents of the child may consent to the petition for termination of parental rights at any time, in writing or orally, on the record.
(2) If the parents have consented to the termination of parental rights and executed surrenders and waivers of notice of hearing as provided by law, this shall be alleged in the petition and copies shall be attached to the petition and presented to the court.
Committee Note: This is an entirely new part consistent with the restructuring of chapter 39, Florida Statutes, which now contains a separate part on termination of parental rights. These rules closely track the rules in Part B., Dependency, except for areas that are significant only in termination of parental rights proceedings such as provisions for an advisory hearing within 14 days and the requirement that a petition show proof of admission or consent, if alleged.

RULE 8.505. SUMMONS AND NOTICE
Upon the filing of a pleading requesting the termination of parental rights a summons containing notice of the petition and directing the parties to appear at a specific date and time shall be personally served on those persons as provided by law. The summons shall notify the required persons of the filing of the petition and shall contain the following language:
"You must either appear on the date and at the time specified or send a written response to the court before that time. Your failure to appear or respond may be treated as consent to the termination of your parental rights and you may lose all legal rights as a parent to the child or children named in the petition attached to the summons."
Parties upon whom personal service of process cannot be effected shall be served as provided by law.

RULE 8.510. ADVISORY HEARING AND PREHEARING CONFERENCES
(a) Advisory Hearing.
(1) Within 14 days of the filing of the petition, or as soon as service of process can be effected, the court shall hold an advisory hearing.
(2) The court shall:
(A) advise the parents of their right to counsel; and
(B) determine whether an admission, consent, or denial to the petition shall be entered.
If an admission or consent is entered, the court shall proceed as set forth in rule 8.530. If a denial is entered, the court shall set an adjudicatory hearing within the period of time provided by law or grant a continuance until the parents have sufficient time to proceed to an adjudicatory hearing and shall appoint counsel when required. (b) Prehearing Conference. Before the adjudicatory hearing the court may set, or the parties may request, a prehearing conference to determine the order in which each party may present witnesses or evidence, the order in which cross-examination and argument shall occur, and any other matters that may aid in the conduct of the adjudicatory hearing.

RULE 8.515. PROVIDING COUNSEL TO PARTIES
(a) Duty of the Court.
(1) At each hearing, the court shall advise unrepresented parents of their right to have counsel present.
(2) The court shall appoint counsel for insolvent parents. The court may appoint an attorney for all other parties in its discretion.
(3) The court shall ascertain whether the right to counsel is understood. If the right to counsel is waived by any parent the court shall ascertain if the right to counsel is knowingly and intelligently waived.
(4) The court shall enter its findings with respect to the appointment or waiver of counsel of insolvent parents or the waiver of the right to have counsel present.
(b) Waiver of Counsel.
*856 (1) No waiver shall be accepted if it appears that the parent is unable to make an intelligent and understanding choice because of mental condition, age, education, experience, the nature or complexity of the case, or other factors.
(2) A waiver of counsel shall be made in court and be of record. The court shall question the parent in sufficient detail to ascertain that the waiver is made knowingly and intelligently.
(3) If a waiver is accepted at any hearing, the offer of assistance of counsel shall be renewed by the court at each subsequent hearing at which the parent appears without counsel.

RULE 8.520. ANSWERS AND RESPONSIVE PLEADINGS
(a) No Answer Required. No answer to the petition need be filed by the parent. The parent of the child may enter an oral or written answer to the petition or remain silent.
(b) Denial of Allegations. If the parent denies the allegations of the petition, remains silent, or pleads evasively, the court shall enter a denial and shall set the case for an adjudicatory hearing.
(c) Admission of or Consent to Termination of Parental Rights. The court shall determine that any admission or consent to a termination of parental rights is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of the admission or consent and that the parent or custodian has been advised of the right to be represented by counsel. The court shall incorporate these findings into its order of adjudication.

RULE 8.525. ADJUDICATORY HEARINGS
(a) Hearing by Judge. The adjudicatory hearing shall be conducted by the judge without a jury utilizing the rules of evidence. At this hearing the court shall determine whether the allegations of the termination of parental rights petition have been sustained by clear and convincing evidence.
(b) Examination of Witnesses. A party may call any person, including a child, as a witness. A party shall have the right to examine or cross-examine all witnesses.
(c) Presence of Parties. All parties have the right to be present at all termination hearings. No party shall be excluded from any hearing unless so ordered by the court for disruptive behavior or as provided by law.
(d) Examination of Child. The court may hear the testimony of the child outside the physical presence of the parties as provided by rule 8.255. Counsel for the parties shall be present during all examinations. The court may limit the manner in which counsel examine the child.
(e) Joint and Separate Hearings. When 2 or more children are the subject of a petition for termination of parental rights, the hearings may be held simultaneously when the children are related to each other or involved in the same case, unless the court orders separate hearings.
(f) Motion for Judgment of Dismissal. In all termination of parental rights proceedings, if at the close of the evidence for the petitioner the parents move for a judgment of dismissal and the court is of the opinion that the evidence is insufficient to sustain the allegations of the petition, it shall enter an order dismissing the petition for insufficiency of the evidence.
(g) Dismissal. If the court finds after all the evidence has been presented that the allegations in the petition have not been sustained it shall enter an order dismissing the petition.
(h) Order of Adjudication. If the court finds that the elements of adjudication are sustained by clear and convincing evidence, the court shall enter an order of adjudication and set a disposition hearing.

RULE 8.530. DISPOSITION HEARINGS
(a) Information Available to Court. At the disposition hearing the court, after establishing compliance with the dispositional considerations, determinations, and discussions required by law, may receive any relevant and material evidence helpful in determining the proper disposition to be *857 made. This evidence shall include the predisposition study report and all other written reports required by law and may include, but shall not be limited to, any psychiatric or psychological evaluations of the child or parent or custodian that may be obtained and that are relevant and material. Such evidence may be received by the court and may be relied upon to the extent of its probative value, even though not competent in an adjudicatory hearing.
(b) Disclosure to Parties. All parties shall be entitled to disclosure of all information in all reports submitted to the court.
(c) Order of Disposition. The court shall enter a final order granting or denying the petition for termination of parental rights including a statement of the facts upon which it was based.

PART III. PROCEEDINGS FOR FAMILIES AND CHILDREN IN NEED OF SERVICES

RULE 8.600. SCOPE AND PURPOSE
These rules shall govern the procedures in the circuit court in the exercise of its jurisdiction relating to children in need of services (CINS) and families in need of services (FINS).
They are intended to provide a just, speedy, and efficient determination of the procedures covered by them and shall be construed to secure simplicity in procedure and fairness in administration.
Committee Note: This is an entirely new part consistent with the restructuring of chapter 39, Florida Statutes, which now contains a separate part on Families and Children in Need of Services. The language is taken from Part B., Dependency, except in areas significant only to CINS/FINS. In rule 8.625 language was added to require the child's presence at the hearing because the child is the focal point of the hearing. In rule 8.680, discovery is allowed only on order of the court because these cases often do not produce discoverable material.

RULE 8.601. COMMENCEMENT OF PROCEEDINGS
(a) Pleadings. All proceedings shall be initiated by the filing of:
(1) a request to take into custody;
(2) a petition for children in need of services; or
(3) a shelter petition.
(b) File to be Opened. Upon commencement of any proceeding, the clerk shall open a file and assign a case number.

RULE 8.603. APPLICATION OF UNIFORM CHILD CUSTODY JURISDICTION ACT
Any pleading filed commencing proceedings as set forth in rule 8.601 shall be accompanied by an affidavit, to the extent of affiant's personal knowledge, under the Uniform Child Custody Jurisdiction Act. Each party has a continuing duty to inform the court of any custody, dependency, or children in need of services proceeding in this or any other state of which the party obtains information during the proceeding.

RULE 8.605. TRANSFER OF CASES
(a) Transfer of Cases within the State of Florida. After the commencement of a proceeding pursuant to rule 8.601, the court may transfer any case after adjudication, when adjudication is withheld, or before adjudication where witnesses are available in another jurisdiction, to the circuit court for the county in which is located the domicile or usual residence of the child or such other circuit as the court may determine to be for the best interest of the child and to promote the efficient administration of justice. The transferring court shall enter an order transferring its jurisdiction and certifying the case to the proper court, furnishing all parties, the clerk, and the state attorney of the receiving court a copy of the order of transfer within 5 days. The clerk shall also transmit a certified copy of the file to the receiving court within 5 days.
(b) Transfer of Cases among States. If it should appear at any time that an action involving the child is pending in another state, the court may transfer jurisdiction, *858 stay the proceedings, or dismiss the action as provided by law.

RULE 8.610. PARTIES
(a) Definitions. For the purposes of these rules the terms "party" and "parties" shall include the petitioner, the child, the parent, the guardian ad litem where appointed, the custodian, and every person upon whom service of summons is required by law.
(b) Other Parties. The state attorney's office or the Department of Health and Rehabilitative Services may become a party upon notice to all other parties and the court. The court may add additional parties.

RULE 8.615. PROVIDING COUNSEL TO PARTIES
(a) Duty of the Court.
(1) At each stage of the proceeding the court shall advise all parties of their right to have counsel present. The court shall appoint counsel to insolvent persons who are so entitled as provided by law. The court shall ascertain whether the right to counsel is understood and, where appropriate, knowingly and intelligently waived. The court shall enter its findings in writing with respect to the appointment or waiver of counsel for insolvent parties.
(2) The court may appoint an attorney for the child or parent, guardian, or custodian of the child as provided by law.
(b) Waiver of Counsel.
(1) No waiver shall be accepted where it appears that the party is unable to make an intelligent and understanding choice because of mental condition, age, education, experience, the nature or complexity of the case, or other factors.
(2) A waiver of counsel shall be made in court and be of record.
(3) If a waiver is accepted at any stage of the proceedings, the offer of assistance of counsel shall be renewed by the court at each subsequent stage of the proceedings at which the party appears without counsel.

RULE 8.617. GUARDIAN AD LITEM
(a) Appointment. At any stage of the proceedings any party may request, or the court may appoint, a guardian ad litem to represent any child alleged to be in need of services or from a family in need of services.
(b) Qualifications; Responsibilities. The guardian ad litem shall be an attorney or other responsible adult and shall have the following responsibilities:
(1) To investigate the allegations of the petition and any subsequent matters arising in the case and, unless excused by the court, to file a written report. This report shall include a statement of the wishes of the child and the recommendations of the guardian ad litem and shall be provided to all parties and the court at least 48 hours before the disposition hearing.
(2) To be present at all court hearings unless excused by the court.
(3) To represent the interest of the child until the jurisdiction of the court over the child terminates or until excused by the court.
(4) To perform such other duties and undertake such other responsibilities as the court may direct.
(c) Bond Not Required. A guardian ad litem shall not be required to post bond but shallfile an acceptance of the office.
(d) Receiving Service. A guardian ad litem shall be entitled to receive service of pleadings and papers as provided by rule 8.635.
(e) Lay Guardians' Duties. The duties of lay guardians shall not include the practice of law.

RULE 8.620. STYLE OF PLEADINGS AND ORDERS
All pleadings and orders shall be styled: "In the interest of... ... ..., a child", or "In the interest of ... ... ... ., children."

RULE 8.625. GENERAL PROVISIONS FOR HEARINGS
(a) Presence of Counsel. The Department of Health and Rehabilitative Services must be represented by an attorney at every stage of these proceedings.
(b) Presence of Child. The child shall be present unless the child's presence is *859 waived. If the child is present at the beginning of a hearing and during the progress of the hearing voluntarily absents himself or herself from the presence of the court without leave of the court, or is removed from the presence of the court because of disruptive conduct during the hearing, the hearing shall not be postponed or delayed, but shall proceed in all respects as if the child were present in court at all times.
(c) In-camera Proceedings. The child may be examined by the court outside the presence of other parties under circumstances as provided by law. The court shall assure that the proceedings are recorded unless otherwise stipulated by the parties.
(d) Invoking the Rule. Before the examination of any witness the court may, and on the request of any party shall, exclude all other witnesses. The court may cause witnesses to be kept separate and to be prevented from communicating with each other until all are examined.
(e) Continuances. The court may grant a continuance before or during a hearing for good cause shown by any party.
(f) Record. A record of the testimony in all hearings shall be made by an official court reporter, a court-approved stenographer, or a recording device. The records of testimony shall be preserved as required by law. Official records of testimony shall be transcribed only on order of the court.
(g) Notice. Where these rules do not require a specific notice, all parties will be given reasonable notice of any hearing.
(h) Masters. Pursuant to Florida Rule of Civil Procedure 1.490, both general and special masters may be appointed to hear issues involved in proceedings under this part.

RULE 8.630. COMPUTATION AND ENLARGEMENT OF TIME
(a) Computation. In computing any period of time prescribed or allowed by these rules, by order of court or by any applicable statute, the day of the act or event from which the designated period of time begins to run is not included. The last day of the period so computed shall be counted unless it is Saturday, Sunday, or a legal holiday, in which event the period shall run until the end of the next day which is neither a Saturday, Sunday, nor a legal holiday. When the period of time prescribed or allowed shall be less than 7 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded from the computation.
(b) Enlargement of Time. When by these rules, by a notice given thereunder, or by order of court an act is required or allowed to be done at or within a specified time, the court for good cause shown may, at any time in its discretion, (1) with or without notice order the period enlarged if the request is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made and notice after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not, except as provided by law or elsewhere in these rules, extend the time for making motion for new trial, for rehearing, or for vacation of judgment or for taking an appeal. This rule shall not be construed to apply to detention or shelter hearings.
(c) Time for Service.
(1) Motions and Notice of Hearing. A copy of any written motion which may not be heard ex parte and a copy of the notice of the hearing thereof shall be served a reasonable time before the time specified for the hearing.
(2) Additional Time after Service by Mail. Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of notice or other paper and the notice or paper is served by mail, 5 days shall be added to the prescribed period.

RULE 8.635. PROCESS
(a) Summons and Subpoenas.
(1) Summons. Upon the filing of a petition, the clerk shall issue a summons. The summons shall require the person on whom it is served to appear for a hearing at a time and place specified. Except in cases of medical emergency, the time of hearing *860 shall not be less than 24 hours after service of the summons. If the child is not detained by an order of the court, the summons shall require the custodian to produce the child at the said time and place. A copy of the petition shall be attached to the summons.
(2) Subpoenas. Upon the application of a party, the clerk shall issue, and the court on its own motion may issue, subpoenas requiring attendance and testimony of witnesses and production of records, documents, or other tangible objects at any hearing. This paragraph shall not in any way limit the state attorney's power to issue subpoenas.
(3) Service. The summons and other process shall be served upon such persons and in such manner as required by law. If the parents or custodian are out of the state and their address is known, the clerk shall give them notice of the proceedings by mail. Service of process may be waived. Authorized agents of the Department of Health and Rehabilitative Services may also serve summons and other process upon such persons and in such manner as required by law.
(b) Service of Pleadings and Papers.
(1) When Required. Unless the court orders otherwise, every pleading subsequent to the initial petition, every order, every written motion, unless it is one as to which hearing ex parte is authorized, and every written notice filed in the case shall be served on each party; however, nothing herein shall be construed to require that a plea be in writing or that an application for witness subpoenas be served.
(2) How Made. When service is required or permitted to be made upon a party represented by an attorney, service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or party shall be made by delivering a copy to the attorney or party or by mailing it to the attorney or party's last known address or, if no address is known, by leaving it with the clerk of the court. Service by mail shall be complete upon mailing. Delivery of a copy within this rule shall mean:
(A) handling it to the attorney or the party;
(B) leaving it at the attorney's office with the person in charge thereof;
(C) if there is no one in charge of the office, leaving it in a conspicuous place therein; or
(D) if the office is closed or the person to serve has no office, leaving it at the person's usual place of abode with some person of the family above 15 years of age and informing such person of the contents thereof.
(3) Filing. All original papers, copies of which are required to be served upon parties, must be filed with the court either before service or immediately thereafter.
(4) Filing with Court Defined. The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk of court except that the court may permit the papers to be filed with it in which event the filing date shall be noted thereon and they shall be transmitted to the office of the clerk.
(5) Certificate of Service. When any authorized person shall in substance certify:
"I do certify that copy (copies) hereof have been furnished to (here insert name or names) by (delivery) (mail) this ____ day of ______________, 19__"

Title
This certificate shall be taken as prima facie proof of such service in compliance with the rules of court and law. The certificate must be signed by the attorney of record, clerk or deputy clerk, judicial assistant, or judge.

RULE 8.640. PLEADINGS TO BE SIGNED
(a) Pleadings to be Signed by Attorney. Every written paper or pleading of a party represented by an attorney shall be signed in the attorney's individual name by the attorney, whose Florida Bar Number, address, and telephone number, including area code, shall be stated, and who shall be duly licensed to practice law in Florida. The attorney may be required by an order of court to vouch for the authority to represent *861 such party and to give the address of such party. Except when otherwise specifically provided by these rules or applicable statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney shall constitute a certificate by the attorney that the paper or pleading has been read; that to the best of the attorney's knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading or paper is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or paper has not been served.
(b) Pleadings to be Signed by Unrepresented Party. A party who is unrepresented shall sign a written pleading or other paper and state the party's address and telephone number, including area code.

RULE 8.645. ORDERS
Upon the conclusion of all hearings, the court shall enter its decisions in a written order. All orders of the court shall be reduced to writing as soon after they are entered as is consistent with orderly procedure and shall contain findings of fact and conclusions of law.

RULE 8.650. TAKING INTO CUSTODY
(a) Affidavit. An affidavit may be filed by any person alleging facts under existing law sufficient to establish grounds to take a child into custody. The affidavit shall:
(1) be in writing and signed;
(2) specify the name, address, and sex of the child or, if unknown, designate the child by any name or description by which the child can be identified with reasonable certainty;
(3) specify that the child is of an age subject to the jurisdiction of the court; and
(4) state the reasons why the child is being taken into custody.
(b) Criteria for Order. The court may issue an order to take a child into custody based on sworn testimony meeting the criteria set forth in subdivision (a).
(c) Order. The order to take into custody shall:
(1) be in writing and signed;
(2) specify the name, address, and sex of the child or, if unknown, designate the child by any name or description by which the child can be identified with reasonable certainty;
(3) specify that the child is of an age subject to the jurisdiction of the court;
(4) state the reasons why the child is being taken into custody;
(5) order that the child be placed in a suitable place pending a shelter hearing as provided by law; and
(6) state the date when issued and the county and court where issued.

RULE 8.655. SHELTER PETITION, HEARING, AND ORDER
(a) Shelter Petition. If child is to be placed in a shelter after being taken into custody for a period longer than 24 hours, the person requesting placement shall file a written petition which shall:
(1) specify the name, address, and sex of the child or, if unknown, designate the child by any name or description by which the child can be identified with reasonable certainty;
(2) specify that the child is of an age subject to the jurisdiction of the court;
(3) state the reasons why the child needs to be placed in a shelter;
(4) recommend where the child is to be placed or the agency to be responsible for placement; and
(5) be signed by the attorney for the petitioner.
(b) Shelter Hearing.
(1) An authorized agent of the department shall make a diligent effort to notify the parent or custodian of the child of the hearing by the most expeditious method available.
(2) The court shall conduct an informal hearing on the petition within the time period provided by law. The court shall determine at the hearing whether the criteria provided by law for placement in a shelter have been met.
*862 (3) At the hearing all interested persons present shall have an opportunity to be heard on the criteria for placement as provided by law.
(4) The court may base its determination on a sworn complaint, testimony, or affidavit and may hear all relevant and material evidence, including oral and written reports, to the extent of its probative value even though it would not be competent at an adjudicatory hearing.
(5) The court shall advise the parties of:
(A) their right to be represented by counsel as provided by law;
(B) the reason for the child being in custody and why continued placement is requested; and
(C) their right to present placement alternatives.
(c) Shelter Order.
(1) The order shall be in writing and shall:
(A) state the name, age, and sex of the child and, if the child's age is unknown, that the child is believed to be of an age which makes him or her subject to the jurisdiction of the court;
(B) include findings as provided by law;
(C) designate the place where the child is to be placed or the person or agency that will be responsible for this placement along with any special conditions found to be necessary;
(D) state the date and time where issued; and
(E) indicate when the child shall be released from the shelter or set a review of shelter hearing within the time limits provided by law.
(d) Release from Shelter Care. No child shall be released from shelter after a shelter order has been entered except on order of the court unless the shelter order authorizes release by the department.

RULE 8.660. PETITIONS
(a) Contents of Petition.
(1) Only those authorized by law may file a petition alleging that a child is in need of services. Each petition shall be entitled a petition for child(ren) in need of services and shall allege sufficient facts showing the child to be in need of services based upon applicable law.
(2) The petition shall contain allegations as to the identity and residence of the parents or custodians, if known.
(3) The petition shall identify the age, sex, and name of the child. Two or more children may be the subject of the same petition.
(4) More than one allegation of children in need of services may appear in the same petition, in separate counts.
(b) Verification. The petition shall be signed by the petitioner, stating under oath the petitioner's good faith. No objection to the petition on the grounds that it was not signed or verified, as herein provided, shall be entertained after a plea to the merits.
(c) Amendments. At any time before or during an adjudicatory hearing, an amended petition may be filed or the petition may be amended by motion. Amendments shall be freely permitted in the interest of justice and the welfare of the child. A continuance may be granted upon motion and a showing that the amendment prejudices or materially affects any party.
(d) Defects and Variances. No petition or any count thereof shall be dismissed, or any judgment vacated, on account of any defect in the form of the petition or of misjoinder of counts. If the court is of the opinion that the petition is so vague, indistinct, and indefinite as to mislead the child, parent, or custodian and prejudice any of them in the preparation of a defense, the petitioner may be required to furnish a more definite statement.
(e) Voluntary Dismissal. At any time before entry of an order of adjudication, the child(ren) in need of services petition may be voluntarily dismissed by petitioner without leave of the court by serving a notice of dismissal on all parties or, if during a hearing, by so stating on the record. Unless otherwise stated, the dismissal shall be without prejudice.

*863 RULE 8.665. ANSWERS, ARRAIGNMENTS, AND PREHEARING CONFERENCES
(a) Answers. The child, parent, or custodian of the child may enter an oral or written answer to the petition or remain silent. If the child remains silent or pleads evasively, or the parent, guardian, or legal custodian denies it, the court shall enter a denial of the petition. The court shall determine that any admission or consent to the petition is made voluntarily and with a full understanding of the nature of the allegations and the possible consequences of such admission or consent and that the parties have been advised of the right to be represented by counsel. The court shall incorporate these findings into its order in addition to findings of fact specifying the act or acts, by whom committed, and facts upon which the findings are based. If the answer admits the allegations of the petition it shall constitute consent to a predisposition study.
(b) Arraignment. If a written answer has not been filed by the child, parent, guardian, or legal custodian before the adjudicatory hearing, the court shall conduct a hearing to determine whether an admission, consent, or denial of the petition shall be entered and whether the parties are represented by counsel or are entitled to appointed counsel as provided by law. If an admission or consent is entered, the court shall proceed as set forth in rule 8.690. If a denial is entered, the court shall set an adjudicatory hearing within the period of time provided by law and appoint counsel when required.
(c) Withdrawal of Plea. The court may at any time before the beginning of a disposition hearing permit an admission of the allegations of the petition to be withdrawn and, if an adjudication has been entered thereon, set aside such adjudication. In the subsequent adjudicatory hearing the court shall disregard an admission that has been withdrawn.
(d) Prehearing Conference. Before the conduct of any adjudicatory hearing the court may set or the parties may request that a prehearing conference be held to determine the order in which each party may present witnesses or evidence and the order in which cross-examination and argument shall occur. The court also may enter findings on the record of any stipulations entered into by the parties and consider any other matters which may aid in the conduct of the adjudicatory hearing.

RULE 8.670. MOTIONS
(a) Motions in General. An application to the court for an order shall be made by a motion which shall be in writing, unless made during a hearing; be signed by the party making the motion or by the party's attorney; state with particularity the grounds therefor; and set forth the relief or order sought. The requirement of writing is fulfilled if the motion is stated in the written notice of the hearing of the motion.
(b) Motion to Dismiss. Any party may file a motion to dismiss any petition or other pleading, setting forth the grounds on which the motion is based. If a motion to dismiss is granted where a child is being detained under an order, the child may be continued in shelter under previous order of the court upon the representation that a new or amended petition will be filed.
(c) Motion to Sever. A motion may be made to sever 2 or more counts of a multi-count petition or to sever the cases of 2 or more children alleged to be in need of services in the same petition. The court may grant motions for severance of jointly brought cases for good cause shown.

RULE 8.675. EXAMINATIONS, EVALUATION, AND TREATMENT
(a) Child. Mental or physical examination of a child may be obtained as provided by law.
(b) Parent, Guardian, or Other Person Requesting Custody. At any time after the filing of a petition, when the mental or physical condition, including the blood group, of a parent, guardian, or other person requesting custody of a child is in controversy, the court may order the person to submit to a physical or mental examination by a qualified professional. The order may be made only on good cause shown and on notice to the person as to the *864 time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made. The court may, on its own motion or the motion of any party, order a parent, guardian, or other person requesting custody of the child to undergo such evaluation, treatment, or counseling activities as authorized by law.

RULE 8.680. DISCOVERY
Discovery will be allowed only upon order of the court and as provided by rule 8.245.

RULE 8.685. ADJUDICATORY HEARINGS
(a) Hearing by Judge. The adjudicatory hearing shall be conducted by the judge without a jury utilizing the rules of evidence. At this hearing the court shall determine whether the allegations of the petition have been sustained.
(b) Examination of Witnesses. Any party shall have the right to examine or cross-examine the witnesses.
(c) Presence of Parties. All parties have the right to be present at all adjudicatory hearings. No party shall be excluded from the hearing unless so ordered by the court for disruptive behavior.
(d) Joint and Separate Hearings. When 2 or more children are alleged to be children in need of services, the hearing may be held simultaneously when the several children involved are related to each other or involved in the same case, unless the court orders separate hearings.
(e) Motion for Judgment of Dismissal. In all proceedings if at the close of the evidence for the petitioner the court is of the opinion that the evidence is insufficient as a matter of law to warrant a finding of child(ren) in need of services, it may, and on the motion of any party shall, enter an order dismissing the petition for insufficiency of evidence.
(f) Findings and Orders. If the court finds that the evidence supports the allegations of the petition, it may make a finding that the child is in need of services as provided by law. In all cases the court shall enter a written order specifying the facts upon which the findings are based. If the predisposition and other reports required by law are unavailable, or by order of the court, any portion of the disposition hearing may be reset within a reasonable time. If the case is continued the court may refer the case to appropriate agencies for additional study and recommendation. The court may order the child into a suitable placement under such reasonable conditions as the court may direct.

RULE 8.690. DISPOSITION HEARINGS
(a) Information Available to Court. At the disposition hearing the court, after establishing compliance with the dispositional considerations, determinations, and discussions required by law, may receive any relevant and material evidence helpful in determining the proper disposition to be made. It shall include written reports required by law and may include evaluations of the child or the parent or custodian that may be obtained and that are relevant and material. Such evidence may be received by the court and may be relied upon to the extent of its probative value even though not competent in an adjudicatory hearing.
(b) Disclosure to Parties. All parties shall be entitled to disclosure of all information in all reports submitted to the court.
(c) Orders of Disposition. The court shall in its written order of disposition include:
(1) the placement or custody of the child;
(2) special conditions of placement and visitation;
(3) evaluation, counseling, treatment activities, and other actions to be taken by the parties where ordered;
(4) supervising or monitoring agencies and continuation or discharge of the guardian ad litem, where appropriate;
(5) the period of time or date for subsequent case review where required by law; and
(6) such other requirements deemed necessary to protect the health, safety, and well-being of the child.
*865 (d) Foster Care. If the court places the child in foster care, subsequent proceedings shall be governed by part IIC of these rules.

RULE 8.695. POSTDISPOSITION RELIEF
(a) Modification of Placement. A child who has been placed in the child's own home, in the home of a relative, or in some other place under the supervision of the Department of Health and Rehabilitative Services may be brought before the court by the parent, guardian, or any interested person on a motion for modification of placement. Upon notice to all parties the court shall conduct a hearing and enter an order changing the placement, modifying the conditions of placement, continuing placement as previously ordered, or placing the child with the department or a licensed child-caring agency.
(b) Motion for Termination of Supervision or Jurisdiction. Any party requesting termination of agency supervision or the jurisdiction of the court, or both, shall do so by motion. The court shall hear all parties present and enter an order terminating supervision or terminating jurisdiction and supervision or continuing them as previously ordered. The court shall not terminate jurisdiction unless the child is returned to the parent or placed with a legal guardian.

PART III IV. OTHER PROCEEDINGS

A. INTRODUCTORY RULES

RULE 8.8808.700. SCOPE AND PURPOSE
These rules shall govern the procedures in the circuit court in the exercise of its jurisdiction relating to juveniles as may be required by law.
They are intended to provide a just, speedy, and efficient determination of the procedures covered by them and shall be construed to secure simplicity in procedure and fairness in administration.
They shall be known as the Florida Rules of Juvenile Procedure and may be cited as Fla.R.Juv.P.
When appropriate the use of singular nouns and pronouns shall be construed to include the plural and the use of plural nouns and pronouns shall be construed to include the singular. The use of male pronouns shall be construed in the universal sense of both male and female.

B. GUARDIAN ADVOCATES FOR DRUG-DEPENDENT NEWBORNS

RULE 8.8818.705. COMMENCEMENT OF PROCEEDINGS
(a) Petition to be Filed. All proceedings under this part shall be initiated by the filing of a petition for the appointment of a guardian advocate.
(b) File to be Opened. Upon commencement of any proceeding, the clerk shall open a file and assign a case number.

RULE 8.8828.710. PARTIES
(a) Definitions. For the purpose of these rules the terms "party" and "parties" shall include the petitioner, the child, the parent, the guardian ad litem where appointed, the custodian, and every person upon whom service of summons is required by law.
(b) Other Parties. The state attorney's office or the Department of Health and Rehabilitative Services may become a party upon notice to all other parties and notice to the court. The court may add additional parties.

RULE 8.8838.715. GUARDIAN AD LITEM
[No change in text]

RULE 8.8848.720. PROCESS AND SERVICE
(a)  (a)(2) [No change]
(3) The summons shall require the person on whom it is served to appear for a hearing at a time and place specified. Except in cases of medical emergency, the time of hearing shall not be less than twenty-four (24) hours after service of the summons. The summons shall be directed to and shall be served upon the parents. It shall not be necessary to the validity of the proceedings that the parents be present if their identity or presence is unknown after *866 a diligent search and inquiry have been made; if they have become residents of a state other than this state; or if they evade service or ignore summons, but in this event the person who made the search and inquiry shall file a certificate of those facts.
(b) [No change]

RULE 8.8858.725. PETITION
(a)  (a)(2) [No change]
(3) The petition shall identify the age, sex, and name of the child. Two (2) or more children may be the subject of the same petition.
(b) Voluntary Dismissal. The petitioner without leave of the court, at any time prior to the entry of the order, may request a voluntary dismissal of the petition by serving a notice of request for dismissal on all parties or, if during a hearing, by so stating on the record. The petition shall be dismissed and the court loses jurisdiction unless another party adopts the petition within forty-eight (48) hours. Unless otherwise stated, the dismissal shall be without prejudice.

RULE 8.8868.730. HEARING
[No change in text]

RULE 8.8878.735. REVIEW AND REMOVAL
(a) Review by Court. The court may review the appointment of a guardian advocate at any time but shall review the appointment within the time limits as provided by law.
(b) Reauthorization or Removal. The reauthorization or removal of the guardian advocate shall be governed as provided by law.

PART V. FORMS

FOR USE WITH THE RULES OF JUVENILE PROCEDURE
The following forms are sufficient for the matters that are covered by them. So long as the substance is expressed without prolixity, the forms may be varied to meet the facts of a particular case. Captions, verifications, and certificates of service, except for the designation of the paper, are omitted from most forms. A general form of caption is the first form. General forms for these are provided at the beginning of the forms.

Publisher's Note
The Florida Supreme Court per curiam opinion of December 24, 1980 (393 So.2d 1077) in which the forms appear provides: "Nothing in the Forms shall be deemed to be a part of these Rules."
Committee Note: These forms have been updated to conform to revisions to chapter 39, Florida Statutes, and the Florida Rules of Juvenile Procedure. As the court has stated before, the forms are not intended to be part of the rules and are provided for convenience only.
 A. GENERAL FORMS
FORM 8.901. [No change]
FORM 8.902. VERIFICATION
STATE OF FLORIDA
COUNTY OF ____
 Before me, the undersigned authority, personally appeared ____ (name)
____, who, being sworn, says the ____ (document) ____ is filed in good faith
and on information, knowledge, and belief is true.
 Sworn to and subscribed before me this ____ day of ____, 19__
 ___________________________________
 (Title)
Committee note: The above verification should be added to petitions and
motions as required by law.
*867 FORM 8.903. CERTIFICATE OF SERVICE
 I certify that a copy of ____ (document) ____ has been furnished to ____
(name(s)) ____ by ____ U.S. mail/hand delivery ____ this ____ day of ____,
19__
 ___________________________________
 (Title)
Committee note: The above may be added to petitions, orders, and other forms
as required.
FORM 8.904 [Detention Petition] [Deleted]
FORM 8.902904. AFFIDAVIT FOR ORDER TO TAKE INTO CUSTODY
 AFFIDAVIT
STATE OF FLORIDA
COUNTY OF ____
 Before me, the undersigned authority, personally appeared affiant, who,
being sworn, made the following allegations of facts: ____________________
and requested that the court issue an order to take into custody the
below- ____ named/described ____ child(ren)
Name(s) _______________________________
Age(s) ___________ Sex ________________
Date(s) of birth _____________________
Race ________________________________
Address _______________________________
Identifying description _______________
Parent/Custodian _____________________
Address ______________________________
 ___________________________________
 Affiant
 Address ___________________________
 Sworn to and subscribed before me this ____ day of ____, 19__
 ===================================
 Title
FORM 8.903905. ORDER TO TAKE INTO CUSTODY
 ORDER TO TAKE INTO CUSTODY
TO: ___________
 A ____ verified petition/affidavit ____ having been filed in this case,
alleging facts which under existing law are determined to be sufficient to
authorize taking into custody the below-named/identified _____
child/children ____, believed to be of an age subject to the juvenile
jurisdiction of the circuit court; therefore
You are commanded to take the following ____ child/children ____ into
custody:
Names(s) ______________________________
Age(s) _____________ Sex ______________
Date(s) of birth ______________________
Race _________________________________
Address _______________________________
Identifying description _______________
Parent/Custodian ______________________
Address ______________________________
*868 For the following reasons: _________
____________________________________
 Upon taking the ____ child/children ____ into custody, you will deliver
____ him/her/them ____ to ____ to be held pending a ____ detention/shelter
____ hearing or upon further order of this court.
 ORDERED in the circuit court in and for _________ County, Florida, this
____ day of ____, 19__
 ___________________________________
 Circuit Judge
 RETURN
 This order to take into custody was executed at ____ m. on the ____ day
of ____, 19__, by the undersigned.
 ___________________________________
 (Title)
 RETURN TO ISSUING COURT UPON THE CHILD'S 19TH BIRTHDAY.
FORM 8.906 [DETENTION ORDER] [DELETED]
FORM 8.905906. RELEASE ORDER
 RELEASE ORDER
 The court now finding that the above-named ____ child/children ____,
previously ____ placed in shelter care/detained ____, should be released.
 It is ADJUDGED:
 1. That _________ shall be released immediately to __________
 2. It is FURTHER ADJUDGED that
__________________________________________________________________________
__________________________________________________________________________
 ORDERED in the circuit court in and for _______ County, Florida, on
the ____ day of ____, 19__
 ___________________________________
 Circuit Judge
 CERTIFICATE
 I certify that copy hereof has been furnished to: ____ by ____
mail/delivery ____ this ____ day of ____, 19__
 =====================================
 (Title)
FORM 8.907. ORDER OF TRANSFER BETWEEN COURTSTRANSFER ORDER
 TRANSFER ORDER
 This case being before this court for consideration of transfer to a court
having juvenile jurisdiction in another county, the court finds:
 1. That on the ____ day of ______, 19__, following a hearing on
the petition of ___________, the court ____ entered an order of
adjudication/withheld adjudication/accepted a plan of proposed treatment,
training, or conduct ____
 2. That it would be to the best interest of the above-named ____
child/children ____ that this case be transferred to the circuit court
of another county because: ____________
__________________________________________________________________________
 3. That a dispositional order ____ was/was not ____ made in this case.
 It is recommended to the receiving court that: _________________________
__________________________________________________________________________
*869 It is ADJUDGED:
 1. That the jurisdiction of this court in this case and of the ____
child/children ____ involved is transferred to the circuit court in and
for _______ County, Florida, of the ____________ Judicial Circuit, for any
and all proceedings deemed necessary.
 2. That within five days from the date of this order the clerk of
this court shall forward a certified copy of this order of transfer, and
of all other orders entered by this court in the interest of the said ____
child/children ____, to:
 (a) Clerk of the receiving court.
 (b) State attorney of the receiving court.
 (c) ________________________________________
 ORDERED in the circuit court in and for __________ County, Florida,
this ____ day of ____, 19__
 =====================================
 Circuit Judge
 CERTIFICATE
 I certify that a certified copy hereof together with certified copies of
all other orders required has been furnished to the officials named in the
above order and to __________ by __________ this ____ day of ____, 19__
 __________, Clerk of Circuit Court
 ___________, County, Florida
By ____________ D.C.
 2. That within five days from the date of this order the clerk of
this court shall forward a certified copy of:
 (a) The order of transfer, which shall include but not be limited to:
 (i) Specific offense that the child was found to have committed;
 (ii) Degree of offense;
 (iii) Name of parent/custodian to be summoned;
 (iv) Address at which the child should be summoned for disposition;
 (v) Name and address of the victim; and
 (vi) Whether the child was represented by counsel;
 (b) A certified copy of the delinquency petition;
 (c) A copy of the juvenile referral or complaint; and
 (d) Any reports and all previous orders including orders appointing
counsel entered by the court in the interest of that child.
 These documents shall be forwarded to the clerk of the receiving
court; state attorney of the receiving court; public defender of the
receiving court, if counsel previously has been appointed; and _________
 ORDERED in the circuit court in and for __________ County, Florida,
this ____ day of ____, 19__
 ___________________________________
 Circuit Judge
FORM 8.910908. SUMMONSRULE 8.120
 SUMMONS
STATE OF FLORIDA
TO ____________________ a child/children ____ and ____________________
parent(s)/custodian ______:
 Whereas a petition under oath has been filed in this court alleging the
above-named ____ child/children ____ to be _________ under the laws of the
State of Florida, a copy of which was attached hereto;
*870 Now, therefore, this is to command you to appear before the Honorable
_____________, Circuit Judge, at ____ m., on the _____ day of _________,
19__ at the county courthouse of ____________ County, at ___________,
Florida, and there be in attendance at the hearing of the said petition.
The ____ parent(s)/custodian ________ is/are ____ required to produce
the ____ child/children ____ at said time and place unless the ____
child/children ________ is/are ____ in detention or shelter care at said
time.
 Herein fail not under penalty of contempt of this court. You may be held
in contempt of court if you fail to appear.
 WITNESS my hand and seal of this court at ____ County, Florida, this ____
day of ____, 19__
______, Clerk of Circuit Court
_______ County, Florida
By: ______________ D.C.
FORM 8.911909. PLAN FOR TREATMENT, TRAINING, OR CONDUCT
 [No change in text]
[Delete certificate]
FORM 8.911. UNIFORM CHILD CUSTODY JURISDICTION ACT AFFIDAVIT
 UNIFORM CHILD CUSTODY JURISDICTION ACT AFFIDAVIT
 1. In the past five years the child resided at the following addresses
with the following persons:
____ (dates) ____ _____ (address) _____
 _____ (custodian) _____
_______________ _____ (present address) _____
____ (dates) ____ _____ (address) _____
 _____ (custodian) _____
_______________ _____ (present address) _____
 2. Affiant ____ has/has not ____ participated as a party or witness in
other litigation concerning the custody of the child in this or any other
state. Specifically, the name of the other case(s) and affiant's involvement
were ____________
 3. Affiant ____ does/does not ____ have any information of any custody
proceeding concerning the child pending in this or any other state.
Specifically, the name of any other custody case and the location of its
court are ______________
 4. Affiant ____ does/does not ____ know of any person(s) who ____ is/is
not ____ a party to this proceeding and who has physical custody of the
child or claims to have custody or visitation rights with respect to the
child.
____ (name) ____ _____ (address) _____
 ___________________________________
 Affiant
FORM 8.912 [ORDER OF ADJUDICATION DELINQUENCY] [DELETED]
FORM 8.912. PETITION TO SHOW CAUSE
 PETITION BY AFFIDAVIT FOR ORDER TO SHOW CAUSE
 1. This is a proceeding for an order to show why the below-named witness,
____________, should not be held in contempt of court.
 2. Petitioner is ____ (title) ____
 3. A subpoena was duly served on ____ (name) ____, at ____ (time) ____
by ______ (name) _____ who was then and there authorized to serve said
subpoena. A copy of the receipt
*871 evidencing service is attached and incorporated by reference.
Said ______ (name) ______ did not appear on ____ (date) ____,
at ____ (time) ____ in response to that subpoena and to this
date has not appeared.
 WHEREFORE, the undersigned does respectfully request the court to issue an
order to direct _____ (name) _____ to appear before the court to show
cause why ____ (name) ______ should not be held in contempt of court.
 ___________________________________
 Petitioner
FORM 8.913. ORDER TO SHOW CAUSE
 ORDER TO SHOW CAUSE
 This cause came on to be heard on the petition for order to show cause
directed to _____ (name) _____ for failure _____ (specify) _____ on
____ (date) ____ (See attached affidavit.)
 NOW, THEREFORE, you, ____ (name) ____, are hereby ORDERED to appear
before this court located at _________, on _______ (date) _______,
at ____ (time) ____, to show cause why you should not be held in contempt
of this court, for your failure to ______ (specify) ______
DONE AND ORDERED this ____ day of ____, 19__, at ____, ____ County,
Florida.
 ___________________________________
 Circuit Judge
FORM 8.915. [ORDER OF DISPOSITION] [DELETED]
FORM 8.921. [SURRENDER, CONSENT, AND WAIVER OF NOTICE] [DELETED]
FORM 8.923. [PETITION FOR INVOLUNTARY PERMANENT COMMITMENT] [DELETED]
FORM 8.924. [PETITION FOR PERMANENT COMMITMENT SUBSEQUENT TO ADJUDICATION]
[DELETED]
FORM 8.925. [SUMMONS AND NOTICE OF PETITION FOR PERMANENT COMMITMENT]
[DELETED]
FORM 8.926. [JUDGMENT OF PERMANENT COMMITMENT  BASED ON SURRENDER]
[DELETED]
FORM 8.927. [JUDGMENT OF PERMANENT COMMITMENT  INVOLUNTARY]
[DELETED]
 B. DELINQUENCY FORMS
FORM 8.930. AFFIDAVIT OF DILIGENT SEARCH AND INQUIRY
[Delete entire form]
FORM 8.930. JUVENILE NOTICE TO APPEAR
 JUVENILE NOTICE TO APPEAR
DATE ____________ AGENCY ____________
CASE NO. ______________
PARENT, ADULT RELATIVE, LEGAL GUARDIAN
__________ (name) ________
I am the ____ (relationship to child) ____ of ____ (child's name) ____ and
promise to ensure that the child appears on ______ (date) ______ at _____
(time) _____ at ______ (location) _____ to appear in court. I also promise
immediately to notify the office of the state attorney at ____ (telephone
number) ____ and the clerk of the court at ____ (telephone number) ____ of
any change in the child's address.
*872 ___________________________________
 Signature of Parent/Adult
 Relative/Legal Guardian
 _____________ (address) ___________
 _________ (telephone number) ______
 ________________ (date) ___________
_________ (address and telephone number of child, if different ________
 ===================================
 I, ____ (child's name) ____, understand that I have been charged with a
law violation ____ (offense(s)) ____ and that I am being released at this
time to the custody of ____ (parent, adult relative, or legal guardian's
name) ____
I promise to appear on ____ (date) ____ at ______ (time) ______ at ____
(location) ______ to appear in court, and to appear as required for any
additional conferences or appearances scheduled by HRS or the court. I
understand that my failure to appear shall result in a custody order being
issued and that I will be picked up and taken to detention.
 ___________________________________
 Child's Signature
Date _____________
Arresting officer ____________________
 _____________________________________
 Releasing officer or HRS counselor
 authorizing release
HRS intake telephone number _____________
 ATTACH TO ARREST AFFIDAVIT
FORM 8.931 [COMMITMENT TO THE DEPARTMENT OF HEALTH AND REHABILITATIVE
SERVICES] [DELETED]
FORM 8.908931. DELINQUENCY PETITION
 PETITION
 Your petitioner respectfully represents that _________ whose date(s) of
birth ____ is/are ____ and who reside(s) at ______________ is/are ____
delinquent or dependent and that this court has jurisdiction of this cause
because of the following allegations of facts: ___________________________
__________________________________________________________________________
 That the parents or custodians are:
______________________________________ _________________________________
 Mother Residence
______________________________________ _________________________________
 Father Residence
______________________________________ __________________________________
 Custodian Residence
 WHEREFORE, your petitioner requests process may issue to bring the
above-named parties before the court on a day and time designated to be
dealth with according to law.
*873 Dated: ____
 _____________________________________
 Petitioner
STATE OF FLORIDA
COUNTY OF _______________
 Before me, the undersigned authority, personally appeared the petitioner
who, being sworn, says the petition is filed in good faith and on
information, knowledge and belief is true.
Sworn to and subscribed before me this ____ day of ____, 19__
 =====================================
 (Title)
FORM 8.928932. APPLICATION FOR COUNSEL, AFFIDAVIT AND ORDER
 APPLICATION FOR COUNSEL, AFFIDAVIT AND ORDER
STATE OF FLORIDA
COUNTY OF _______
 Before me, the undersigned authority, personally appeared affiant, who
being duly sworn says:
 1. That I understand a delinquency complaint has been made against me and,
being advised of my right to an attorney, now request appointment of
counsel.
 2. Being without sufficient funds, property or assets of any kind, I will
be deprived of my right to representation unless I am adjudged insolvent
and counsel appointed to represent me.
 3. That I have been informed that a lien for the value of the legal
services rendered to me by the public defender may be imposed by law on any
property I now or may hereafter have in this state.
Dated: _______
 ___________________________________
 Affiant Child
 SWORN TO AND SUBSCRIBED before me the ____ day of ____, 19__
 ===================================
 (Title)
 STATEMENT OF PARENT(S)
 The undersigned are informed and understand that liability for cost of
representation of this child by the public defender can be assessed against
the parent(s) by court order in an amount not to exceed the amount provided
by law.
 ___________________________________
 Parent
 ___________________________________
 Parent
 ORDER
 The court finds that this child is indigent, as defined by law, and is
desirous of counsel; it is, therefore,
*874 ORDERED
 1. That this child is declared to be insolvent.
 2. That ____________________, Public Defender for the _________ Judicial
Circuit, State of Florida, is hereby appointed as counsel to represent this
child in all matters in defense of the delinquency complaint herein made.
 DONE AND ORDERED in the circuit court in and for _______________________
County, Florida, this ____ day of ____, 19__
 ___________________________________
 Circuit Judge
FORM 8.929933. WAIVER OF COUNSEL
 [No change in text]
FORM 8.917934. ORDER TO DETERMINE MENTAL CONDITION
 [No change in text]
FORM 8.918935. ORDER OF INCOMPETENCY
 [No change in text]
FORM 8.918936. ORDER OF COMPETENCY
 [No change in text]
FORM 8.937. DEMAND FOR VOLUNTARY WAIVER
 DEMAND FOR VOLUNTARY WAIVER OF JURISDICTION
 The child files this demand for voluntary waiver of jurisdiction pursuant
to rule 8.105, Florida Rules of Juvenile Procedure, and shows that the child
desires the court to waive jurisdiction and certify the case for trial in
adult court as if the child were an adult to face adult punishments or
penalties.
Date _____
 ___________________________________
 Child
 ___________________________________
 Parent/Legal Guardian
FORM 8.938. ORDER OF VOLUNTARY WAIVER
 VOLUNTARY WAIVER ORDER
 Upon the demand for voluntary waiver filed by the child, it is hereby
ORDERED AND ADJUDGED as follows:
 1. A demand for voluntary waiver of jurisdiction was filed by the child
and parent/legal guardian on ____ (date) ____
 2. The court waives jurisdiction to try the child pursuant to chapter 39,
Florida Statutes.
 3. The above cause is certified for trial as if the child were an adult.
 4. A certified copy of this order shall be furnished to the clerk of the
court having jurisdiction to try the child as an adult and to the
prosecuting officer of said child.
 5. The child shall be forthwith delivered to the sheriff of the county in
which the court that is to try the child is located. Bond is set at $ ____
 DONE AND ORDERED in chambers at ___________, ____ (date) ____
 ___________________________________
 Circuit Judge
*875 FORM 8.939. MOTION FOR INVOLUNTARY WAIVER
 MOTION FOR INVOLUNTARY WAIVER
 The State of Florida, having considered the recommendation of the intake
officer, petitions the court to waive jurisdiction pursuant to rule 8.105,
Florida Rules of Juvenile Procedure, and shows:
 The child was 14 or more years of age at the alleged time of commission
of the violation of law for which the child is charged.
[Add the following paragraph, if applicable]
 The child has been previously adjudicated delinquent for a violent crime
against a person, to wit ____ (offense) ____, and is currently charged with
a second or subsequent such offense.
 Wherefore, the State of Florida requests the court to conduct a hearing
on this motion for the purpose of determining whether the court should
waive its jurisdiction and certify the case to the appropriate court for
trial as if the child were an adult.
 ___________________________________
 Petitioner
FORM 8.940. MOTION TO COMPILE REPORT
 MOTION TO COMPILE REPORT
 The State of Florida, having filed a petition for involuntary waiver,
moves the court for an order requiring the department to prepare a study
and report to the court, in writing, considering the following relevant
factors:
 1. The seriousness of the alleged offense to the community and whether
the protection of the community is best served by transferring the child
for adult sanctions.
 2. Whether the alleged offense was committed in an aggressive, violent,
premeditated, or willful manner.
 3. Whether the alleged offense was against persons or against property.
 4. The prosecutive merit of the report, affidavit, or complaint.
 5. The desirability of trial and disposition of the entire offense in one
court when the child's associates in the alleged crime are adults or
children who are to be tried as adults who will be or have been charged
with a crime.
 6. The sophistication and maturity of the child.
 7. The record and previous history of the child including:
 a. Previous contact with the department, other law enforcement agencies,
 and the courts;
 b. Prior periods of probation or community control;
 c. Prior adjudications that the child committed a delinquent act or
 violation of law, greater weight being given if the child previously
 had been found by a court to have committed a delinquent act involving
 an offense classified as a felony or had twice previously been found to
 have committed a delinquent act involving an offense classified as a
 misdemeanor; and
 d. Prior commitments to institutions.
 8. The prospects for adequate protection of the public and the likelihood
of reasonable rehabilitation of the child, if found to have committed the
alleged offense, by the use of procedures, services, and facilities
currently available to the court.
 WHEREFORE, the State of Florida requests an order directing the department
to prepare a study and report in writing prior to the waiver hearing.
 ___________________________________
 Petitioner
*876 FORM 8.941. ORDER TO COMPILE REPORT
 ORDER TO COMPILE REPORT
 Upon the motion of the State of Florida, the department shall prepare a
study and report to the court, in writing, considering the following
relevant factors:
 1. The seriousness of the alleged offense to the community and whether
the protection of the community is best served by transferring the child
for adult sanctions.
 2. Whether the alleged offense was committed in an aggressive, violent,
premediated, or willful manner.
 3. Whether the alleged offense was against persons or against property.
 4. The prosecutive merit of the report, affidavit, or complaint.
 5. The desirability of trial and disposition of the entire offense in one
court when the child's associates in the alleged crime are adults or
children who are to be tried as adults who will be or have been charged with
a crime.
 6. The sophistication and maturity of the child.
 7. The record and previous history of the child including:
 a. Previous contact with the department, other law enforcement agencies,
 and the courts;
 b. Prior periods of probation or community control;
 c. Prior adjudications that the child committed a delinquent act or
 violation of law, greater weight being given if the child had been
 previously been found by a court to have committed a delinquent act
 involving an offense classified as a felony or had twice previously
 been found to have committed a delinquent act involving an offsense
 classified as a misdemeanor; and
 d. Prior commitments to institutions.
 8. The prospects for adequate protection of the public and the likelihood
of reasonable rehabilitation of the child, if found to have committed the
alleged offense, by the use of procedures, services, and facilities
currently available to the court.
 DONE AND ORDERED in chambers at _____________________, Florida, ____
(date) ____
 ___________________________________
 Circuit Judge
FORM 8.916. ORDER OF INVOLUNTARY WAIVER OF JURISDICTION RULE 8.150
 [Delete entire form]
FORM 8.942. ORDER OF INVOLUNTARY WAIVER
 ORDER OF INVOLUNTARY WAIVER
 A petition was filed in this cause on ____ (date) ____ Prior to the
adjudicatory hearing on the petition, the State of Florida filed a motion
requesting that the court waive its jurisdiction and certify the case to
the appropriate court for trial as if the child were an adult. This cause
came before the court on the motion.
 The following were present _______ (names) _________ with _____ (name)
______, representing the State of Florida and ______ (name) ______,
representing the Department of Health and Rehabilitative Services.
 The court heard the evidence presented by the the State of Florida and the
child to determine whether the jurisdiction of this court should be waived
and the case certified to the appropriate court for trial as if the child
were an adult. The court finds that it is in the public interest that the
jurisdiction of this court be waived and that the case be certified to the
appropriate court having jurisdiction to try an adult who is charged with a
like offense based on the following findings of fact:
1. Age of child ___________________________
2. Seriousness of alleged offense _____________________________________
_________________________
3. Manner of commission of offense _______________________________________
________________________
*877 4. Nature of offense (person or property) _______________________________
__________________________________
5. Prosecutive merit of report, affidavit, or complaint _________________
_________________________________
6. Desirability of trial and disposition of entire offense in one
court ________
7. Sophistication and maturity of the child _______________________________
____________________________
8. Record and previous history of the child _____________________________
__________________________________
9. Prospects for adequate protection of the public and rehabilitation of
child _____________________________________________________________________
 IT IS ADJUDGED that the jurisdiction of this court is waived and that this
case is transferred to the ____ (court) ____ for trial as if the child were
an adult.
 The child shall be held by the sheriff of this county unless a bond in
the amount of $ ____ is posted. The child shall appear before ____
(court) ____ on the ____ day of ____, 19__ to answer the State of Florida on
the foregoing charges.
 DONE AND ORDERED in chambers at _________________, Florida, this ____
day of ____, 19__
 ___________________________________
 Circuit Judge
FORM 8.946. PETITION FOR SERIOUS OR HABITUAL JUVENILE OFFENDER PLACEMENT
 PETITION FOR SERIOUS OR HABITUAL JUVENILE OFFENDER PLACEMENT
 Comes now the State of Florida, by and through the undersigned assistant
state attorney, and petitions the court for serious or habitual juvenile
offender placement. In support thereof, we would show:
 1. That the child, who was not less than 14 years of age at the time of
the commission of the current offense and who was adjudicated and has been
committed in this proceeding, meets the criteria in subsection 39.01(46),
Florida Statutes, for serious or habitual juvenile offender placement in
that said child was:
 ____ Adjudicated or had adjudication withheld on the current offense for
 a capital, life, or first-degree felony involving the infliction or
 threatened infliction of serious physical harm to another person.
 ____ Adjudicated or had adjudication withheld on the current offense for
 a capital, life, first-, or second-degree felony offense and has been
 the subject of at least three separate prior adjudications or
 adjudications withheld for capital, life, first-, or second-degree
 felony offenses, or third-degree felony offenses inovlving the use of a
 weapon within the preceeding 24 months.
 ____ Adjudicated or had adjudication withheld on the current offense,
 which may include any felony, and has been the subject of at least four
 separate, nonrelated prior adjudications or adjudications withheld for
 any felony offense within the preceeding 36 months.
 2. Placement in a serious or habitual juvenile offender program is
required for the protection of the public and would best serve the needs of
this juvenile.
 WHEREFORE, as this child meets the serious or habitual juvenile offender
program criteria, the state respectfully requests this court to enter an
order placing the child in a serious or habitual juvenile offender program.
Date: ____________________
 ___________________________________
 Assistant State Attorney
*878 FORM 8.947. DISPOSITION ORDER  DELINQUENCY
 DISPOSITION ORDER
 Based on the petition filed on ______ (date) ______, the child, _____
(name) _____, being duly represented by _____ (name) _____, attorney of
record, and having previously
____ Been found guilty at an adjudicatory hearing of the following:
____ Entered a plea of guilty/nolo contendere to the following:
 STATUTE DEGREE OF
 COUNT OFFENSE NUMBER OFFENSE
 ________ ________ ________ ________
 ________ ________ ________ ________
The predisposition study prepared by the Department of Health and
Rehabilitative Services was received and considered, as was all other
relevant and material evidence offered, and no cause having been shown why
the disposition should not be entered at this time, it is the ORDER OF THE
COURT that:
____ Adjudication of delinquency is withheld.
____ The child is adjudicated delinquent.
The child is hereby:
____ Placed on community control under the supervision of ____ (program)
________ with the following conditions __________________________
____ Placed on community control under the supervision of the Department of
Health and Rehabilitative Services with the following conditions __________
____ Committed to the Department of Health and Rehabilitative Services and
upon release to be placed on community control under the following
conditions ____________________
 Placement Alternatives
 Pursuant to subsection 39.09(3)(e), Florida Statutes, placement is
recommended in the following order:
1. _____________________________
2. _____________________________
3. _____________________________
4. _____________________________
____ The child meets the serious or habitual juvenile offender program
criteria as set forth in subsection 39.05, Florida Statutes, and shall be
placed in such program as required by law.
 This court ____ does/does not ____ retain jurisdiction over discharge from
commitment.
 The removal of this child from detention and placement of the child into
a commitment program shall occur within five days, excluding Saturdays,
Sundays, and legal holidays.
 The placement is for an indeterminate period but no longer than:
____ The child's nineteenth birthday.
____ The maximum sentence allowable by law allowing ____ days credit for
time spent in detention or incarceration before this date.
____ Until otherwise released and discharged, whichever occurs first.
 Provisions Of Community Control
 It is FURTHER ORDERED that the child shall comply with the following
sanctions:
 1. Remain at liberty without violating any laws.
 2. Attend school every day, each class assigned, unless excused by school
authorities, abiding by all rules and regulations of school authorities
relating to conduct and
*879 citizenship in and around school grounds and while
coming to and leaving school, or maintain full/part-time employment.
 3. Cooperate fully and maintain contact with your counselor as directed.
 4. Not change place of residence without prior knowledge and consent of
counselor.
 5. Not use intoxicants, nor visit places where intoxicants, drugs, or
other dangerous substances are sold, dispensed, or used.
 6. Obey the reasonable demands of parents or guardians.
 Special Provisions
(Check those applicable)
____ Abide by a curfew: _______________
____ Pay restitution as follows: ______________
____ Participate in counseling as directed.
____ Perform ____ hours community service work.
____ Have no contact with the victim in this case.
____ Participate in a tour of an adult correctional facility.
_____ Write a letter of apology to the victim in this case.
____ Write an essay on ____________________
____ Other: ______________________________
 _____________________________________
The parties are advised that an appeal is authorized by law within 30 days
from the date of this order.
 FINGERPRINTS OF CHILD
Fingerprints taken by:
______________________
____ name and title ____
 DONE AND ORDERED in open court at ____ (city) ______, ______ County,
Florida, ____ (date) _____
 I HEREBY CERTIFY that the above fingerprints are the fingerprints of the
child, ____ (name) _________, and that they were placed hereon by said
child in my presence in open court this date.
 ___________________________________
 Circuit Judge
FORM 9.920948. PETITION FOR REVOCATION OF COMMUNITY CONTROL PROGRAM
 [No change in form]
 [Delete verification]
 C. DEPENDENCY FORMS
FORM 8.960. DETENTION PETITION
 DETENTION PETITION
 COMES NOW, your petitioner, ______ (name) _______, and respectfully
represents that _______ (name of child) _____, whose date of birth is _____,
19 __, and who resides at _________ (address) _____, or, if the child's name
is unknown an identifying description for the child is a dependent child,
and your petitioner moves the court for the entry of an order placing the
child in shelter and as grounds for the order would show:
 1. There is probable cause that the child is a dependent child within the
intent and meaning of chapter 39, Florida Statutes, in that the child is
either abused, abandoned, or neglected because ________________________
*880 2. A detention order is necessary
____ To protect the child because ________________________
____ Because the child has no parent, legal custodian, or responsible adult
relative to provide supervision and care for the child in that ___________
 3. It would be in the best interest of the child that the child be placed
in shelter.
 4. The provision of appropriate and available services by the Department
of Health and Rehabilitative Services will not eliminate the need for
placement in shelter because _____________________________________________
 WHEREFORE, your petitioner prays that the court will enter an order
granting the detention petition and
____ Placing the child in shelter at ______________ pending
further order of the court.
____ Placing the child with a responsible adult relative, ____ (name) _____,
whose address is _______________, pending further order of the court.
____ Placing the child in shelter at ________________, permitting the
Department of Health and Rehabilitative Services to release the child to the
parent(s) or a responsible adult relative when appropriate.
____ Requiring the parent(s) or legal custodian of the child to contribute
a reasonable sum of money as determined by the court for the care and
support of the child.
____ Requiring the Department of Health and Rehabilitative Services to
provide emergency medical services by qualified medical personnel for the
child as needed.
 ___________________________________
 Petitioner
 Title _____________________________
Sibling case names (if any) _____________________________________________
_________________________________________
FORM 8.961. DETENTION ORDER
 DETENTION ORDER
Name __________________________________
Address _______________________________
Date of birth __________________ Sex _____
Taken into custoday: Date _____ Time ____
 There is probable cause to believe that the child is dependent.
There is need for:
____ Shelter, because a determination has been made that the provision of
appropriate and available services will not eliminate the need for
placement.
____ To protect the child.
____ There is no responsible parent, adult relative, or legal custodian to
whom the child may be released.
____ The department has made a reasonable effort to prevent or eliminate the
need for the removal of the child from the home by ________________________
____ The department's first contact with the child or ____ his/her ____
family occurred during an emergency.
____ The child(ren) ____ is/are ____ committed to the temporary legal
custody of ____ the Department of Health and Rehabilitative Services/ ____
(specify) ______
____ The child(ren) ____ is/are ____ placed in the temporary legal custody
of ____ (adult relative) ____/____ (other, specify) ____
____ The Department of Health and Rehabilitative Services is authorized to
provide medical services and emergency major surgery as deemed necessary.
*881 ____ The special conditions of supervision, placement, visitation,
evaluation, counseling, or treatment imposed by the court are ____________
____ The person or entity responsible for monitoring services to the
child(ren) or family is ________________________
____ The guardian ad litem shall _________________________________________
___________________________________________
____ The case shall be reviewed __________________________________________
___________________________________________
____ Other: ______________________________________________________________
 ORDERED at ______________________, Florida, on ____ (date) _____
 ___________________________________
 Circuit Judge
FORM 8.962. MOTION FOR INJUNCTION
 MOTION
 COMES NOW, ____ (name) _____ and hereby requests this court, pursuant to
subsection 39.4055, Florida Statutes, to issue, until the cause is disposed,
an injunction requiring _____ (name) _______ to do the following:
____ Refrain from abuse or unlawful sexual activity with the above named
child(ren).
____ Obtain counseling as arranged by the Department of Health and
Rehabilitative Services or as specified below.
____ Have no contact with the child except as provided below.
____ Pay $ ____ support for the child(ren) and/or family.
____ Vacate the home in which the child(ren) reside(s) and not return.
OTHER CONDITIONS ____________________
______________________________________________
In support of the above, the movant would show
_______________________________________
_______________________________________________
 ___________________________________
 _____________ (name) _____________
FORM 8.963. INJUNCTION ORDER
 ORDER
 THIS CAUSE coming on to be heard before me, and the court being advised
in the premises, it is
 ORDERED AND ADJUDGED that ____ (name) ____ do the following:
____ Refrain from abuse or unlawful sexual activity with the above mentioned
child(ren).
____ Obtain counseling as arranged by the Department of Health and
Rehabilitative Services or as specified below.
____ Have no contact with the child(ren) except as provided below.
____ Pay $ ____ support for the child(ren) and/or family.
____ Vacate the home in which the child(ren) reside(s) and not return.
OTHER CONDITIONS: ______________________________
*882 DONE AND ORDERED this ____ day of _____________________, 19__ in
___________________, Florida.
 ___________________________________
 Circuit Judge
FORM 8.964. DEPENDENCY PETITION
 DEPENDENCY PETITION
COMES NOW ____ (name) ____ and requests that the court find ____ (child)
____, whose date of birth is ____________, a dependent child. As grounds
petitioner alleges:
 1. The parents or custodians are:
____ (name) ____ _______ (address) _______
 Mother
____ (name) ____ _______ (address) _______
 Father
____ (name) ____ _______ (address) _______
 Legal Custodian
 2. The child is in the care, custody, and control of ____ (name) ____ or
was at the time the dependent status arose. An affidavit pursuant to the
Uniform Child Custody Jurisdiction Act is attached.
 3. On or ____ about/between ______ (date(s)) ____:
___________________________________________________________________________
 ___________________________________
 Petitioner
FORM 8.913965. ORDER OF ADJUDICATION ORDER  DEPENDENCY
 ORDER OF
ADJUDICATION ORDER
 This cause was heard on the petition filed ________________, 19__ The
following were present: _______________________ with _____________________
attorney(s), and ________________________________________ representing the
______________________________________, Department of Health and
Rehabilitative Services.
 ______________________________, the ____ parent(s)/children _____, ____
admitted/denied/entered a plea of nolo contendere to ______ the allegations
of the petition.
 The court having considered all the evidence adduced finds ____ by clear
and convincing evidence/by a preponderance of the evidence ____ the ____
child/children ______ was/were ____ at the time the acts or omissions for
which ____ he/she/they ____ are alleged to be dependent occurred __________
years of age. The court further finds the following brief statement of facts
to be true:
__________________________________________________________________________
__________________________________________________________________________
 It is ADJUDGED that:
 (alternatives: use either (1) or (2) and (3) or (4) as appropriate)
____ (1) The court withholds an adjudication of dependency.
____ (2) The court adjudicates the ____ child/children ____ to be dependent.
____ (3) The ____ child/children ______ is/are ____ placed in the temporary
custody of ______________________ pending a predisposition study and a
disposition hearing.
*883 ____ (4) The court, having considered the predisposition study prepared by
the _____________________, Department of Health and Rehabilitative Services
and presented to the court immediately after the adjudicatory hearing, makes
the following disposition: _______________________________________
 ORDERED at ________________________________________ County, Florida, on
_____________________ 19__
 ___________________________________
 Circuit Judge
 CERTIFICATE
 I certify that a copy of the foregoing order has been furnished to:
_______________________ by ____ mail/delivery ____ this _____ day of
____________________, 19__
 =====================================
 Title
FORM 8.966. DISPOSITION ORDER  DEPENDENCY
 DISPOSITION ORDER
 A petition was filed in this court alleging ____ (name(s)) _____________,
age(s) to be dependent. Present before the court were _________________
The court finds the child(ren) ____ is/are _______ dependent/not dependent
____ because of these facts: ______________________________________________
 THE COURT DOES:
____ Adjudicate the child(ren) to be dependent.
____ Withhold adjudication of dependency.
 FURTHERMORE, THE COURT ORDERS THAT:
____ Reasonable efforts to prevent or eliminate the need for removal of the
child(ren) have been made and that continuation of the child(ren) in ____
his/her/their ____ own home would be contrary to the welfare of the
child(ren).
____ The child(ren) ____ is/are ____ placed with ____ (name and relationship
to child) _____ under the protective supervision of the Department of Health
and Rehabilitative Services.
____ The child(ren) ____ is/are ____ committed to the temporary legal
custody of ____ the Department of Health and Rehabilitative Services/ ____
(specify) _____
____ The child(ren) ____ is/are ____ placed in the temporary legal custody
of ____ (adult relative) ____/____ (other, specify) ____
_____ The Department of Health and Rehabilitative Services is authorized to
provide medical services and emergency major surgery as deemed necessary.
____ The special conditions of supervision, placement, visitation,
evaluation, counseling, or treatment imposed by the court are ____________
____ The person or entity responsible for monitoring services to the
child(ren) or family is ______________________________
_____ The guardian ad litem shall
______________________________________________________________________
____ The case shall be reviewed
___________________________________________________________________________
____ Other: ________________________________
 ORDERED AT _________________, Florida, on ____ (date) ____
 ___________________________________
 Circuit Judge
Copies to:
*884 FORM 8.967. ORDER ON PERFORMANCE AGREEMENT OR PERMANENT PLACEMENT PLAN
REVIEW
 ORDER ON ____ PERFORMANCE AGREEMENT/PERMANENT PLACEMENT
 PLAN ____ REVIEW
 The court having reviewed the ____ performance agreement/permanent
placement plan ____ filed ____ (date) ____ in the above-styled cause, finds:
 The ____ agreement/plan _______ is/is not ____ consistent with previous
orders of the court placing the child(ren) in care.
 The ____ agreement/plan _______ is/is not ____ consistent with the
requirements for the contents of a(n) ____ agreement/plan ____
 In involuntary placement, the parents ____ were/were not ____ notified of
their right to counsel at each stage of the dependency proceeding.
 The parents ____ were/were not ____ advised of their right to receive
assistance from any other person in the preparation of a performance
agreement.
 The ____ agreement/plan _______ is/is not ____ meaningful and designed to
address the facts and circumstances for involuntary or voluntary placement.
 FURTHERMORE, THE COURT ORDERS THAT
 ____ The ____ agreement/plan ____ is accepted and all parties are ordered
subject to its provisions.
 ____ The ____ agreement/plan ____ is rejected because
______________________________________
____ The ____ agreement/plan ____ is accepted subject to the following
modifications: ______________
 ____ An amended ____ agreement/plan ____ shall be submitted to the Court
for review and approval by ____ (date) ____
 DONE AND ORDERED AT ____________, Florida, ____ (date) ____
 ___________________________________
 Circuit Judge
Copies to:
 D. TERMINATION OF PARENTAL RIGHTS FORMS
FORM 8.922980. PETITION FOR PERMANENT COMMITMENT BASED ON
SURRENDERTERMINATION OF PARENTAL RIGHTS BASED ON VOLUNTARY RELINQUISHMENT
 PETITION FOR PERMANENT COMMITMENT BASED ON SURRENDER
IN THE CIRCUIT COURT, IN AND FOR ______________ COUNTY, FLORIDA
CASE NO. _________________________, DIVISION IN THE INTEREST OF:
_________________________________, a child
Born: ______________________
 The petitioner, _________________, of ____ (agency) _____, respectfully
represents that: __________ (name) ___________, born the
_________ day of ______________ 19__ at ________ County, State of
___________________; whose mother's name is ______________________ and her
residence is _________________; and whose ____ natural/lawful ______ father
is ________________________ and his residence is ______________________;
is a dependent child because said child has been surrendered for the purpose
of adoption by _______________, who placed said child on or
about _________________________, 19__, with said ____ (agency)
__________ and who by duly executed written instrument _________ surrendered
said child to ______ (agency) _____ for adoption and waived notice of
this hearing, said surrender and waiver being made a part hereof. That no
guardian has been appointed by any court for said child.
 That said child is found living or domiciled in ________ County, Florida.
*885 WHEREFORE, the petitioner requests that process issue to bring the parties
herein before this court; that said child be adjudged by this court to be
dependent; that an order be entered in this cause for the welfare of
said child termination of parental rights; and that said
child be permanently committed to placed in the custody of
______ (agency) ______ for subsequent adoption.
 ___________________________________
 Petitioner
STATE OF FLORIDA
COUNTY OF __________________
 The above named petitioner being by me first duly sworn, deposes and says:
that the allegations of the foregoing petition by said person subscribed
are true, according to said person's information and belief.
 Sworn to and subscribed before me this ____ day of ____, 19__
 =====================================
 Title
FORM 8.981. PETITION FOR INVOLUNTARY TERMINATION OF PARENTAL
RIGHTS
 PETITION FOR TERMINATION OF PARENTAL RIGHTS
 Petitioner, _____ (name) _____, petitions this court for the entry of an
order terminating parental rights and permanently committing the child(ren)
to __________ for the purpose of subsequent adoption and in support thereof
respectfully shows the court:
 1. _____ (name) ______, a ____ male/female ____ child, was born on ____
(date) ____, in ____ (city) ____, ________ County, State of ___________
 2. A certified copy of the child(ren)'s birth certificate(s) is attached.
 OR
 2. A certified copy of the child(ren)'s birth certificate(s) has been
requested of the appropriate agency and will be filed when the department
receives it.
 3. The child is now living and residing in _____ County,
Florida, and is in the custody of ____ (specify) ____
 4. An affidavit pursuant to the Uniform Child Custody Jurisdiction Act is
attached to this petition.
 5. A guardian ad litem has been appointed for the child(ren), whose name
and address are _______________________
 OR
 5. A guardian ad litem has not been appointed for the child(ren) and the
petitioner requests that one be appointed for these proceedings.
 6. The parents, legal custodian, or relative(s) of the child(ren) are:
 The child(ren)'s mother is ______ (name) ______, whose address is
____________________
 The child(ren)'s father is ______ (name) ______, whose address is
_____________________
 The child(ren)'s legal custodian is ______ (name) ______, whose address
is ________________
 7. It now appears to be manifestly in the best interest of the child(ren)
that an order terminating parental rights and permanently committing the
child(ren) be entered for the following reasons:
__________________________________________________________________________
__________________________________________________________________________
*886 (a) The child(ren) ____ was/were ____ adjudicated dependent pursuant to
section 39.409, Florida Statutes.
 (b) A disposition order was entered pursuant to section 39.41, Florida
Statutes.
 (c) The parents were informed of their right to counsel in the dependency
proceeding pursuant to the Florida Rules of Juvenile Procedure.
 (d) A ____ performance agreement/permanent placement plan ____ as defined
in section 39.01, Florida Statutes, has been offered to the parents.
 (e) The child(ren)'s parents have failed upon expiration of ____ a
performance agreement entered into/a permanent placement plan submitted to
and approved by the court ____ to substantially comply with the ____
agreement/plan... . This failure is not the result of conditions beyond
their control and includes _________________________________________
 WHEREFORE, petitioner requests the court to take jurisdiction of the
parties and the subject matter, set the advisory hearing within the required
time, enter an order terminating parental rights and placing the child in
the custody of ________ for subsequent adoption, and grant any other
appropriate relief.
 Dated this _____ day of ____, 19__
 ___________________________________
 Petitioner
FORM 8.982. ADJUDICATION ORDER
 ADJUDICATION ORDER
 This cause came before the court for an adjudicatory hearing on the
petition of ____ All parties and their counsel were present at the hearing.
 In addition to the testimony of those present, the court considered all
documents admitted in evidence.
 Upon all the evidence presented, after resolving all conflicts, the court
finds by clear and convincing evidence that:
 1. The child(ren) ____ was/were ____ adjudicated dependent pursuant to
section 39.409, Florida Statutes;
 2. An order of disposition pursuant to section 39.41, Florida Statutes,
was entered by this court;
 3. The elements of section 39.464, Florida Statutes, have been met;
 4. The parents were informed of their right to counsel in the dependency
proceeding;
 After the filing of the petition to terminate parental rights ____ the
court appointed counsel for the parents/the parents were informed of their
right to counsel including the right of an indigent person to be represented
by court appointed counsel ____;
 5. A ____ performance agreement/permanent placement plan ____, as defined
in section 39.01, Florida Statutes, was offered to the parents;
 6. The parents have failed to substantially comply with the ____
plan/agreement ____
 IT IS THEREFORE ORDERED that a dispositional hearing in accordance with
section 39.469, Florida Statutes, is scheduled for ____ (date) ____ at ____
(time) ____
 DONE AND ORDERED in chambers at ____ County, Florida, ____ (date) ____
 ___________________________________
 Circuit Judge
FORM 8.983. JUDGMENT OF INVOLUNTARY TERMINATION OF PARENTAL RIGHTS
 JUDGMENT OF INVOLUNTARY
 TERMINATION OF PARENTAL RIGHTS
 This cause came before the court for a disposition hearing on the petition
of ____ for termination of parental rights. The court, having heard the
testimony and received
*887 the evidence, finds the facts upon which the decision to
terminate parental rights was based are __________________________________
__________________________________________________________________________
 Upon the foregoing, the court finds that it is manifestly in the best
interest of the child(ren) to terminate parental rights and place the
child(ren) in the custody of ____ (agency) ____ for subsequent adoption.
 IT IS ORDERED that the parental rights of _______ (name(s)) ______ to the
subject child(ren) ____ is/are ____ terminated, and
 IT IS, FURTHER, ORDERED that the child(ren) ____ is/are ____ hereby
adjudged to be a dependent child(ren); that the child(ren) ____ is/are ____
hereby placed in the custody of ____ (agency) ____ for subsequent ADOPTION.
 ORDERED at ____, _____ County, Florida, ____ (date) ____
 ___________________________________
 Circuit Judge
FORM 8.984. JUDGMENT OF VOLUNTARY TERMINATION OF PARENTAL RIGHTS
 JUDGMENT OF VOLUNTARY TERMINATION OF PARENTAL RIGHTS
 This cause came on to be heard on the petition of ______ (name) ______
for termination of parental rights. The court having heard the testimony and
received the evidence finds by clear and convincing evidence as follows:
 1. The subject child(ren), ______ (name(s)) ______, born ____ (date(s))
____, verification of which being filed herein, ____ is/are ____ within the
jurisdiction of this court.
 2. The subject child(ren) remain(s) dependent ____ he/she/they ______
has/have ____ been surrendered by ____ (name(s)) ____, ____ (relationship)
____ of said child(ren), who placed the child(ren) on or about ____ (date)
____ with ____ (agency) ____ and waived notice of this hearing, said waiver
being filed herein. The court finds this placement to be voluntary.
 3. It is manifestly in the best interest of the child(ren) to terminate
____ his/her ____ parental rights and to place the child(ren) in the custody
of _____ (agency) _____ for subsequent adoption.
 IT IS ORDERED that the parental rights of _____ (name(s)) ____ to the
subject child(ren) are terminated, and
 IT IS, FURTHER, ORDERED that the child(ren) ____ is/are ____ hereby
adjudged to be dependent and ____ is/are ____ hereby placed in the custody
of ____ (agency) ____ for subsequent ADOPTION.
 ORDERED at ____, ____ County, Florida, ____ (date) ____
 ___________________________________
 Circuit Judge